Brandon A. Sibley
17517 Cline Drive
Maurepas, LA 70449
Phone: (225) 369-7806
Fax: (985) 238-3818
Bsibley97@gmail.com

Howard G. Brown
1344 Lakeridge Drive
Baton Rouge, LA 70802
Phone: (504) 756-1987
Fax: (985) 238-3818
hgarybrown@gmail.com

# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| HOWARD BROWN, <br> BRANDON SIBLEY, <br>     Plaintiffs, <br> V. <br> UNITED STATES MARSHALS SERVICE, <br> ET AL., <br>     Defendants. | ) <br> ) <br> ) <br> ) Case No. 3:23-CV-0024-JWD-EWD <br> ) <br> ) <br> ) |

## AFFIDAVIT TO DISQUALIFY JUDGE AND CHANGE VENUE DUE TO PREJUDICE & DISCRIMINATION

One, Howard Brown, the Undersigned Affiant, hereinafter known as I, me, myself or one, Howard Brown, does hereby solemnly affirm, declare and state, under penalty and perjury, including first hand witness and testimony as follows:

1. Affiant is competent to state the matters set forth herewith.

2. Affiant has personal knowledge of the facts stated herein

3. All the facts stated herein are true, correct, and complete in accordance with Affiant's best firsthand knowledge and understanding, and if called upon to testify as witness Affiant shall so state.

## I.    INTRODUCTION

On January 17, 2023, after 34 months + of the continued discrimination and violation of Louisiana State Revised Statutes, at the hands of the Chief Judge of the Middle District of Louisiana, Shelly D. Dick, via Administrative Orders, Affiant filed complaint number **3:23-24-JWD-EWD** in the Middle District of Louisiana as well as a judicial complaint in the 5th Circuit

against Shelly D. Dick. It is for these reasons detailed below that a fair trial cannot be had for this Plaintiff in the Middle District of Louisiana.

This action arises out of the Defendant, Shelly D. Dick, acting outside the scope of her judicial capacity as set forth by the Constitution of the United States and the Civil Rights Act of 1964; enacting Orders that directed federal employees, under her purview, to unreasonably deprive the Plaintiffs of their civil and constitutional rights. Judge Dick has brought into question the independence of the judiciary to rule on law.

Chief Judge, Shelly D. Dick, omnipotence and all-knowing has defied logic and reason for thirty-four (34) months; and extends her personally held beliefs and bias to incorporate knowing every individual needs her medical advice that enters the Courthouse located at, 777 Florida Street, Baton Rouge, Louisiana, and deeming them incapable of making informed decisions regarding their own health. Judge Dick defies logic and reason in forcing medical decisions upon the general public; requiring the Plaintiffs and others similarly situated, to either take experimental drugs or wear a mask to enter the Federal Courthouse. This is a violation of the Plaintiffs constitutionally secured rights, absent of any legal or lawful authority.

Chief Judge, Shelly D. Dick, in her confirmation hearing, when replying to Senator Chuck Grassley, regarding temperament of Judges, stated; "Foremost, a judge should be a student of law. A judge should display an even temper, exercise patience, listen carefully, and strive to provide a timely and efficient process to the litigants. I believe that the most important quality of a judge is to carefully research and discern the rule of law to be applied to the particular facts of the case and to uphold the rule of law in a fair, impartial, and unbiased manner."

Chief Judge, Shelly D. Dick a student of the law, has created a workforce directly under her control, that has led from disparate impact to actual disparate treatment, segregating the people into classes, unvaccinated and vaccinated. Individuals who are vaccinated and enter the Middle District Court of Louisiana have more liberty and freedoms than do the unvaccinated.

Chief Judge, Shelly D. Dick, directed the U.S. Marshals to negligently and maliciously enforce her idea of justice, her biased opinion regarding vaccine efficacy and safety, and to display extreme prejudice towards the Plaintiffs and others similarly situated. Forced personal medical decisions is an illogical and unreasonable abuse of power especially when considering the time frame of thirty-four (34) months.

Chief Judge Shelly D. Dick neither gained jurisdiction over the Plaintiffs or exercised her just powers of limited jurisdiction in the carrying out of judicial acts. Therefore, Judge Shelly D. Dick has not only ignored rulings by the Fifth Circuit regarding the unconstitutionality of the Covid-19 mandates, but rather has enacted her own form of justice with a clear absence of all jurisdiction. [1]

Chief Judge, Shelly D. Dick, knows or should know that the right of the people to make any decisions that affects life, limb, or personal security is a right left to the people themselves, as reserved in the Ninth Amendment.

This action arises out of the Defendants' forcible use of medical decisions on the Plaintiffs and those similarly situated, a capacity and function not identified in any of the Judicial Canons; nor outlined in the Constitution; or legislated from Congress. Keeping the public safe

---

[1] Bradley v. Fisher U.S. 3351871 WL 1473720 L.Ed. 64613 Wall. 335

from themselves removes individual choice and personal consequences; a duty not granted to the Judiciary.[2]

This action arises out of the Defendants' conspiracy to deprive Plaintiffs of inherent, sacred, and inviolable rights absent of due process. These rights include, but are not limited to, the right to access the courts; the right to be safe and secure in your own person's papers and effects from unwarranted search and seizure; freedom of religion; and the exclusive enjoyment, use, and disposal of property exclusive to the Plaintiffs. These inherent and sacred rights incorporate both personal autonomy and the freedom to exercise religious beliefs independently of anyone else.

This action also arises out of the Defendants' conspiracy to deny equal enjoyment and access to places of public accommodation by color of law, and the Defendants' conspiracy to violate inviolable privacy rights of the Plaintiffs, which is protected by Title II of the *Civil Rights Act of 1964* and the *Privacy Rights Act of 1974* respectively; Further these state actor violators are subject to liability under Title **42 §§ 1985, and 2000(a)** among others.

## II. FACTS

4. Plaintiffs are members of the general public and adult residents of Louisiana.

5. The UNITED STATES MARSHALS SERVICE specifically addresses ethics and training of their employees on their website.

---

[2] "The right of personal security consists in a person's legal and uninterrupted enjoyment of his life, his limbs, his body, his health, and his reputation." William Blackstone and the Ninth Amendment

6. Plaintiffs are individuals and general members of the public who seek access to the Public Federal Courthouse in East Baton Rouge Parish, Louisiana, to remedy injury to Plaintiffs' person and property.

7. It is a fact that both Plaintiffs, have never taken an emergency use authorized vaccine for Covid-19, have never tested positive for Covid-19, have never been hospitalized for Covid-19, and are both healthy active men of sound mind and body.

8. It is a fact that the Johnson & Johnson one time shot was publicly pulled and that the bivalent "vaccines" offered by Moderna and Pfizer come with strict warnings regarding Myocarditis and Pericarditis affecting males.

9. Pfizer states, "Myocarditis (inflammation of the heart muscle) and pericarditis (inflammation of the lining outside the heart) have occurred in some people who have received COMIRNATY® (COVID-19 Vaccine, mRNA) or Pfizer-BioNTech COVID-19 Vaccine or Pfizer-BioNTech COVID-19 Vaccine, Bivalent. The observed risk is higher among adolescent males and adult males." This is found on the Comirnaty website.[3]

10. Moderna states on their website, "Myocarditis and Pericarditis: Post marketing data demonstrate increased risks of myocarditis and pericarditis, particularly within 7 days following receipt of the second primary series dose or first booster dose. The observed risk is highest in males 18 through 24 years of age. The CDC has published considerations related to myocarditis and pericarditis after vaccination, including for vaccination of individuals with a history of myocarditis or pericarditis[4].

---

[3] https://www.comirnaty.com/?cmp=COMI11004305?cmp=COMI11004307?cmp=COMI11004307&gclid=Cj0KCQi AiJSeBhCCARIsAHnAzT_4hE50MlBVS8kxLpi0b_RkQpeiFjgOzVYSY1897s1zOrjcGGy2134aAtrzEALw_wcB& gclsrc=aw.ds

[4] https://www.cdc.gov/vaccines/covid-19/clinical-considerations/myocarditis.html

11.     Plaintiff Brown is engaged in federal litigation in the Middle District of Louisiana to seek redress for grievances for injury to Plaintiff and needs open access, without denial, as stated in ***Article 22 of the Louisiana Constitution,*** to the Federal Public Courthouse located at <u>777 Florida Street in Baton Rouge, Louisiana,</u> any other accommodation, different from those vaccinated, IS the very definition of discrimination.

12.     Plaintiff Brown lives within walking distance of the Federal Courthouse located at <u>777 Florida Street in Baton Rouge, Louisiana,</u> and could easily avoid the delays and expense of the Post Office in communicating with the court.

13.     The USPS branch located across the street from the Federal Courthouse in question, ranges from **<u>1 day to several weeks to deliver mail across the street, that is, if it is not lost!</u>**

14.     Plaintiff Brown has detailed records, available upon request, of added postage and packaging costs, long delays, and lost letters by the USPS addressed to this Court.

15.     On the morning of <u>November 6th, 2020</u>, Plaintiffs entered the lobby of the Public Federal Courthouse located <u>at 777 Florida Street in Baton Rouge, Louisiana,</u> for the first time, to file a complaint with the clerk to remedy injury to Plaintiffs' person and property.

16.     Plaintiffs were met by a single masked man **(Defendant #1)** brandishing a deadly weapon and <u>wearing a white U.S. Marshal's uniform and a silver U.S. Marshal identity badge.</u>

17.     Plaintiffs informed masked Defendant #1 that Plaintiffs were exempt from the mask mandate for religious and medical reasons.

18.     Masked Defendant #1 called for his superiors.

19.     Many more masked men[5], too many to count, <u>clothed in white United States Marshal's uniforms,</u> brandishing weapons, and <u>wearing U.S. Marshal identity badges</u> began to gather on the

---

[5] In Violation of LA RS 14:313

balcony, stairs overlooking the lobby, and in the lobby surrounding Plaintiffs in a semi-circle, many of which had their arms crossed and were in a general defensive stance.

20. Plaintiff Brown informed all Defendants present that they were in violation of **RS LA 14 § 313**

> *§313. Wearing of masks, hoods, or other facial disguises in public places prohibited; penalty; exceptions; permit to conduct Mardi Gras festivities; wearing of hoods, masks, or disguises by sex offenders*
> *A. No person shall use or wear in any public place of any character whatsoever, or in any open place in view thereof, a hood or mask, or anything in the nature of either, or any facial disguise of any kind or description, calculated to conceal or hide the identity of the person or to prevent his being readily recognized.*
> *B. Whoever violates this Section shall be imprisoned for not less than <u>six months nor more than three years</u>.*

21. Plaintiff Brown asked all men surrounding him and on the balconies for their special permits to wear a mask.

22. All Defendants remained silent.

23. Plaintiff Brown asked all men surrounding him for their name and badge number.

24. All Defendants, again, remained silent.

25. Plaintiffs were informed by these masked men; **<u>impersonating U.S. Marshals and brandishing weapons;</u>** that as conditions to enter this Public Courthouse, Plaintiffs would necessarily need to **submit to the following:**

    a. <u>A temperature reading of their person.</u>

    b. <u>Wear a medical device not prescribed by a doctor.</u>

    c. <u>Submit to a warrantless search of their persons and effects.</u>

26. Plaintiffs informed the men impersonating U.S. Marshals that those conditions would violate their oaths of office and **<u>violate substantive rights</u>** guaranteed to each member of the public by both the Louisiana and U.S. Constitutions.

27. Plaintiffs then asked these masked men for their authority to violate substantive rights as a condition for entry into the public federal courthouse located at <u>777 Florida Street in Baton Rouge, Louisiana</u>.

28. Defendants cited the **Administrative Order No. 2020-8** by <u>Chief Judge, Shelly D. Dick, as their sole authority</u> to violate Plaintiffs substantive rights. **(Exhibit A)**

29. Plaintiffs were given an email address of the Clerk to communicate with the court in which to file their complaints.

30. As a proximate result of Defendants' actions, Plaintiffs' person and property were trespassed and the court was effectively closed causing irreparable harm to Plaintiffs by denying them adequate remedy by due process of law and justice, <u>administered without denial, discrimination, partiality, or unreasonable delay,</u> as described in Article 22 of the Louisiana Constitution, for injury to him in his person and property as guaranteed by both the state and federal constitutions.

31. On <u>April 18th, 2022</u>, **with no mask mandate in place for the State of Louisiana**, Plaintiff Brown once again entered the lobby of the Public Federal Courthouse located at 777 Florida Street in Baton Rouge, Louisiana, in an attempt to file a complaint with the clerk to remedy injury to his person and property, as is guaranteed by both the Louisiana Constitution and the United States Constitution.

32. Plaintiff was again met in the lobby by a Mr. Pierson (Defendant #2), a black man with a mustache donning a red jacket and a U.S. Marshal nameplate/badge, who immediately asked to see proof of vaccination as a condition for entry into the Public Courthouse located at 777 Florida Street in Baton Rouge, Louisiana.

33. Plaintiff informed Mr. Pierson that asking for such private medical documents constituted a <u>violation of Plaintiff's right to privacy</u> under the *Privacy Act of 1974.*

34. Defendant Pierson then told Plaintiff that he could enter the building without showing proof of vaccination, if Plaintiff would wear a mask. (medical device)

35. Plaintiff asked Defendant Pierson, "Are you qualified to give medical advice?"

36. Defendant Pierson did not answer.

37. Plaintiff then re-stated and summarized as follows to Mr. Pierson, 'So, in order to enter the building, Plaintiff would need to either divulge private medical information to a non-doctor, wear a medical device not prescribed by a doctor, and submit to a warrantless search of his person and property,' is this correct? *Looking at Defendant Pierson*

38. Defendant Pierson answered in the affirmative.

39. Plaintiff then looked at the other 3 men (Defendant #3, Defendant #4, Defendant #5), impersonating U.S. Marshals standing behind the counter, if they agreed with Mr. Pierson's statements.

40. All Defendants answered in the affirmative.

41. As a proximate result of Defendants' actions Plaintiff Brown's person and property were trespassed, substantive rights were violated, and the court was effectively closed causing irreparable harm to Plaintiff denying him adequate remedy by due process of law and justice, administered without denial, partiality, discrimination, or unreasonable delay for injury to him in his person and property as guaranteed by both the Louisiana Constitution and the United States Constitution.

42. On <u>April 21, 2022,</u> Plaintiff Brown composed and mailed a FOIA Request to the local U.S. Marshal, William Brown, as well as, to the U.S. Marshals Service in Washington, D.C., asking for

their authority to deny a member of the general public access to the public courthouse based on arbitrary and capricious means.

43. On April 25th, 2022, Plaintiff Brown received a response from the local U.S. Marshal, William Brown, admitting that Plaintiff Brown was denied entry into the courthouse and citing Chief Judge, Shelly D. Dick's, **Administrative order No. 2022-3** (Exhibit B) as his sole authority to deny Plaintiff Brown entry into the courthouse.

44. His letter stated, "**I am sorry you had a <u>wasted trip to the courthouse</u>. The court's order makes it clear that individuals that are unvaccinated, cannot/will not provide proof of vaccination, and/or refuse to wear the provided mask will be denied entry and asked to leave the courthouse.**"

45. On May 2nd, 2022, Plaintiff Brown received via email an acknowledgment of his submitted FOIA Request from the Washington, D.C. office of the U.S. Marshals Service.

46. The letter references the **FOIA Request # 2022-USMS-FOIA/PA-000180** and restates Plaintiff's questions using the term 'allegedly' while stating no time period in which the questions would be answered.

47. On Wednesday, July 27, 2022, about 10:58am Plaintiff Brown received by electronic correspondence the USMS answer to the aforementioned records request entitled No Records.pdf.

48. Not one **(1)** of Plaintiff Brown's requests were answered, only excuses proffered as to why the USMS couldn't answer the requests.

49. On May 17th, 2022, a full month after a federal judge in Florida slapped down the federal mask mandate for airports and airlines, and a full four **(4)** days after the Louisiana Supreme Court ruled against the Louisiana Governor for violating constitutional rights with his covid mandates;

Plaintiff Brown; once again; entered the lobby of the Public Federal Courthouse building located at 777 Florida Street in Baton Rouge, Louisiana.

50. Plaintiff Brown asked the men donning U.S. Marshal's uniforms and brandishing deadly weapons, 'Are ya'll still violating substantive rights as a condition for entry into the Public Courthouse?'

51. Once again, these men with guns blocked the entryway to the courthouse and asked to see proof of vaccination or insisted that Plaintiff Brown put on a medical device and submit to a warrantless search of person and property as a condition for entry.

52. Plaintiff Brown, once again, informed all present that these questions and demands violated his substantive rights and his guaranteed right to access the courthouse as guaranteed by both the Louisiana Constitution and the United States Constitution.

53. Plaintiff Brown and Defendants had a jovial demeanor while discussing this topic.

54. Plaintiff Brown left the courthouse and then returned with his latest correspondence to U.S. Marshal William Brown in hand.

55. Plaintiff had a cordial conversation that lasted about forty **(40)** minutes with Defendants Ronald "Doe" (Hereinafter Defendant Ronald) and Ned Turner (hereinafter Defendant Turner) both brandishing deadly weapons and donning U.S. Marshal's uniforms with matching nameplates and badges indicating that they were U.S Marshals.

56. Plaintiff Brown handed Defendant Ronald his most recent letter to U.S. Marshal William Brown and proceeded to explain the conspiracy created when sworn federal officials follow a clearly unconstitutional order and that they, in fact, could be held accountable for their actions, along with the judge, in the violation of substantive rights.

57. At this time, Defendant Ronald told Plaintiff that he was, in fact, **not a U.S. Marshal**.

58. Plaintiff Brown pointed to Ronald's badge hanging from his left breast pocket that displayed a silver badge reading "United States Marshals Service," and then asked, "why are you are wearing a U.S. Marshal's badge, then?"

59. Defendant Ronald began to explain that he was an **independent contractor** that was contracted by the U.S. Marshal's Service and assigned to the courthouse detail located at 777 Florida Street in Baton Rouge, Louisiana.

60. On May 18th, 2022, Plaintiff Brown composed and mailed, via certified mail, an additional FOIA request to both the Washington, D.C. office (**Certified # 7019 2280 0000 9999 9020** received May 26, 2022) and local Marshal William Brown (**Certified # 7019 2280 0000 9999 9013** received on May 23, 2022) requesting, among other things, the name, address, phone number, and contract with the company that the USMS contracts with for the courthouse detail at U.S. District Federal Courthouse located at 777 Florida Street in Baton Rouge, Louisiana.

61. Plaintiff Brown's only acknowledgement to date from either letter mentioned directly above was, via email, acknowledging only the certified letter sent to William Brown (**Certified # 7019 2280 0000 9999 9013** received on May 23, 2022) from USMS.FOIA@usdoj.gov stating, USMS FOIA Unit received your correspondence addressed to U.S. Marshal William Brown on May 24, 2022, and further goes onto state that in order to file a FOIA request with USMS Plaintiff Brown needs to follow the instructions located at https://www.usmarshals.gov/foia/index.html.

62. Shortly after the receipt of the FOIA requests, the USMS changed their procedure for accepting FOIA requests.

63. Also, on May 18th, 2022, Plaintiff composed and mailed, via First Class Mail and Certified Mail (Certified # 7019 2280 0000 9999 9037 received May 23, 2022), both a FOIA request and a Notice and Demand to U.S. Marshal William Brown asking for the video surveillance for the lobby

of the courthouse located at 777 Florida Street in Baton Rouge, Louisiana for the dates in which crimes were committed in the courthouse lobby; specifically:

    a. November 6, 2020

    b. April 18, 2022

    c. May 17, 2022

64. Plaintiff further noticed U.S. Marshal William Brown in a separate certified letter (Certified # **7019 2280 0000 9999 9037** received May 23, 2022) that the surveillance footage for the above listed dates were evidence of crimes committed and would necessarily need to be preserved for future court proceedings.

65. As a proximate result of Defendants' actions Plaintiff Brown's person and property were trespassed, state and federal constitutionally protected rights were violated, and the court was effectively closed causing irreparable harm to Plaintiff denying him adequate remedy by due process of law and justice, administered without denial, partiality, discrimination, or unreasonable delay for injury to him in his person and property, as guaranteed by both the Louisiana Constitution and the United States Constitution.

66. On May 27th, 2022, Plaintiffs entered the lobby of the Public Federal Courthouse located at 777 Florida Street in Baton Rouge, Louisiana and attempted to go to the Clerk of Court's office only to be asked, once again in violation of the *Privacy Act of 1974*, to provide private medical information (i.e. proof of vaccination) to a non-doctor as a condition for entry.

67. Plaintiffs asked the man impersonating a U.S. Marshal if he was going to violate Plaintiffs' substantive rights as a condition for entry into the public courthouse by denying Plaintiffs entry to said courthouse?

68. Defendant, impersonating a U.S. Marshal, **told his cohorts to call for the U.S. Marshal.**

69. Plaintiffs know that the U.S. Marshal assigned to the territory known as East Baton Rouge Parish is named <u>William Brown</u>.

70. After a few moments, supposed <u>U.S. Marshal Jeff B.</u> appeared, introduced himself, and then stated that the conditions for entry would be to either provide proof of vaccination or the forced use of a medical device combined with a warrantless search of Plaintiff's property and effects.

71. Plaintiff Brown informed Defendant Jeff B. that asking for private medical information was a violation of the *1974 Privacy Act* and that he had no medical authority to force the use of a medical device on Plaintiffs' person and property.

72. Plaintiff Brown, once again, summarized his options for entry to the courthouse as either having to give up Plaintiffs' privacy rights or give up Plaintiffs' freedom of religion by forced used of a medical device by a non-doctor, in addition to, a warrantless search of person and property and asked, supposed U.S. Marshal Jeff B, if that was correct?

73. Defendant Jeff B. stated in the affirmative, **'If you say so.'**

74. Plaintiffs then exited the courthouse.

75. As a proximate result of Defendants actions, Plaintiffs' person and property were trespassed, constitutional rights were denied and violated, and the court was effectively closed causing irreparable harm to Plaintiffs denying them adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay for injury to him in his person and property, as guaranteed by both the Louisiana Constitution and the United States Constitution.

76. Again, on <u>June 9, 2022</u>, Plaintiff Brown, once again, entered the lobby of the Federal Courthouse located at 777 Florida Street in Baton Rouge, Louisiana and was greeted by Defendant

Pierson, donning a red jacket, who asked Plaintiff to sign in and then asked for Plaintiff's proof of vaccination.

77. Plaintiff challenged his question with the retort about the *1974 Privacy Act* and immediately he called out to his co-workers to **call for the Marshal, despite donning a US Marshals badge on Mr. Pierson's person.**

78. Plaintiff had composed an injunction against these men and the United States Marshals Service that he wanted to share with those that would be affected the most by Plaintiff's actions.

79. Plaintiff tried to hand Defendant Pierson a copy of the injunction that was to be filed in State Court, but Defendant Pierson recoiled and refused to accept the papers.

80. Plaintiff continued to try and engage with the men that were impersonating U.S. Marshals, but was **commanded to be silent and step back into the outer lobby, by men with guns,** to wait on the U.S. Marshal.

81. These men, impersonating U.S. Marshals and after Plaintiffs letter informing the USMS that Plaintiffs were aware of this fact, were instructed to not engage with Plaintiffs moving forward in any way.

82. Several of these men expressed that someone higher up in the chain of command **had instructed these men, impersonating U.S. Marshals, not to engage with Plaintiff moving forward on any level.**

83. These men expressed that they were **instructed to have me wait in the outer lobby silently for the U.S. Marshal.**

### III. CONCLUSION

Since, ALL employees, judges, and magistrates in the Middle District of Louisiana are under the authority in some manner or another of the Chief Judge that all acted in concert to validate and authorize the discrimination, whether out of agreement or threat, occurring via the administrative orders of Chief Judge, Shelly D. Dick, the proximate result is discrimination against the Plaintiff and other similarly situated; and it is the Affiant's firm belief that a fair trial cannot be had in this venue under this Chief Judge or those in her purview, so pursuant to **28 U.S. Code § 144 Case No. 3:23-CV-0024-JWD-EWD** should be removed from this hostile environment to the 5th Circuit in New Orleans, Louisiana. and a new judge assigned.

                                                        Howard Brown, *Affiant*

## VERIFICATION OF AFFIDAVIT

STATE OF LOUISIANA
EAST BATON ROUGE PARISH

BEFORE ME personally appeared Howard G. Brown who, being by me first duly sworn and identified in accordance with Louisiana law, deposes and says:

1. My name is Howard G. Brown, plaintiff herein.

2. I have read and understood the attached foregoing motion and memorandum in support thereof and filed herein, and each fact alleged therein is true and correct of my own personal knowledge.

FURTHER THE AFFIANT SAYETH NAUGHT.

_____
Howard Gary Brown, Affiant

SWORN TO and subscribed before me this 20th day of January, 2023.
23rd

_____
Notary Public

SAMANTHA L. BLOEMER
NOTARY PUBLIC
Notary ID #132940
State of Louisiana
My commission is for life.

My commission expires:

17 | Page