**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

BRANDON SIBLEY, ET AL.                    CIVIL ACTION NO. 23-0024

VERSUS

JUDGE S. MAURICE HICKS, JR.

SHELLY D. DICK, ET AL.                    MAGISTRATE JUDGE WHITEHURST

**ORDER**

Before the Court is Plaintiff Howard Brown's ("Brown") Motion for Preliminary Injunction. See Record Document 28. Previously, this Court denied Brown's first Motion for Preliminary Injunction, holding that he "failed to satisfy his burden to show a substantial likelihood of success on the merits, irreparable hard, or substantial injury." Record Document 27 at 2.

Here, Brown attempts to clarify his arguments in favor of a preliminary injunction. See Record Document 28 at 1. He submits there has been continual violation of unequal treatment, unequal access, and forced ideological association under the guise of public health occurring in the Middle District Court in Baton Rouge. See id. at 2. He contends there is no other adequate remedy at law. See id. at 8.

The instant motion is governed by F.R.C.P. Rule 65. The Fifth Circuit set forth the following standard for issuance of an injunction:

> Plaintiffs seeking a preliminary injunction must show: (1) a substantial likelihood of success on the merits, (2) a substantial threat that plaintiffs will suffer irreparable harm if the injunction is not granted, (3) that the threatened injury outweighs any damage that the injunction might cause the defendant, and (4) that the injunction will not disserve the public interest. A preliminary injunction is an 'extraordinary remedy' and should only be granted if the plaintiffs have clearly carried the burden of persuasion on all four requirements.

Nichols v. Alcatel USA, Inc., 532 F.3d 364, 372 (5th Cir. 2008) (cleaned up).  This Court has reviewed Brown's motion, memorandum in support, and attached exhibits and again concludes – like Magistrate Judge Whitehurst – that he has failed to satisfy his burden to show a substantial likelihood of success on the merits, irreparable harm, or that the threatened injury outweighs any damage that the injunction may cause the defendants. Thus, Brown's Motion for Emergency Injunction (Record Document 28) is **DENIED**.

Additionally, this Court has inherent authority to structure sanctions as are necessary or warranted to control its docket and maintain the orderly administration of justice. See Whitehead v. White & Case, LLP, 2012 WL 1795151, *4 (W.D.La.2012). Brown is cautioned against making future frivolous or duplicative filings, which consume the resources of the court and delay other legitimate court matters.  If such filings are made, the Court will consider the imposition of sanctions as a deterrent.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 13th day of April, 2023.

_____
United States District Judge