**Brandon A. Sibley**
17517 Cline Drive
Maurepas, LA 70449
Phone: (225) 369-7806
Fax: (985) 238-3818
Bsibley97@gmail.com

**Howard G. Brown**
1344 Lakeridge Drive
Baton Rouge, LA 70802
Phone: (504) 756-1987
Fax: (985) 238-3818
hgarybrown@gmail.com

**Melanie Jerusalem**
5130 Woodside Drive
Batton Rouge, LA 70808
Phone: 337-945-9008
jerusalemmelanie@yahoo.com

U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
FILED   APR 24 2023
CLERK

# UNITED STATES DISTRICT COURT

## for the

## MIDDLE DISTRICT OF LOUISIANA

Case No. **3:23-0024-JWD-EWD**

HOWARD BROWN, BRANDON SIBLEY, & MELANIE JERUSALEM
                                        —Plaintiffs —
-V.-
UNITED STATES MARSHALS SERVICE, METROPOLITAN SECURITY SERVICES, INC. (a/k/a WALDEN SECURITY), MICHAEL ATTAWAY in both is individual & official capacity, SHELLY D. DICK in both individual & official administrative capacity, UNITED STATES MARSHAL WILLIAM BROWN in both individual & official capacity, DEPUTY UNITED STATES MARSHAL, JEFF BOWIE in both his individual & official capacity, MERRICK B. GARLAND in his official capacity as ATTORNEY GENERAL of the UNITED STATES, RONALD L. DAVIS, in his official capacity as Director UNITED STATES MARSHALS SERVICE,
                                        —Defendants.—

# MOTION FOR CLARIFICATION
# OF JUDGES ORDER DOC. 34

COMES NOW, Plaintiff <u>Sibley</u>, motioning this Honorable Court to clarify or show cause, as required, to impose sanctions on pro se litigants.

## I. INTRODUCTION

Despite objecting to any involvement of the Middle District in this case, which was met with a resounding silence by the Court; Plaintiffs were pleased to read about Judge Hicks' role in 'Operation Wrinkled Robe' and allowed the Court's silence on the objection to go unchecked. Further, Plaintiff's initial motion to add evidence **(Doc. 6)** seemed to be liberally construed when Magistrate Whitehurst converted document six **(6)** into a motion to supplement and granted said motion.

Plaintiff Brown has been undeniably railroaded by the lawless Middle District in his case against the City of Central. (Case # 22-CV-00264) The countless rules broken by the Middle District has been expertly laid out in Plaintiff Brown's soon to be filed appellate brief, (available now upon request) and was the reason for the previous mentioned objection in this case. It is the sincere hope of the Plaintiffs that we will not be required to renew that objection.

## II. FACTS

1. Judge Hicks' most recent order (Doc. 34) calls into question his due diligence in reading Plaintiff's most recent motion, (Doc. 28) because it was Plaintiff Sibley who wrote and signed this 'duplicative' motion, not Howard Brown.

2. Judge Hicks and/or Magistrate Whitehurst failed to include any findings of facts and conclusions of law in the most recent order from the Court (Doc. 34) that would clarify, by law, how administrative orders; which are orders that exclusively direct employees of the Federal Government or contractors thereof; were used lawfully with just authority to restrict the public's access to the courthouse, and by which statutory authority these restrictions lawfully suspended the United States Constitution.

3. Judge Maurice Hicks, cites, **_Whitehead v. White & Case, LLP, 2012 WL 1795151, 4* (W.D.La.2012),_** as his source to potentially "sanction" Plaintiff Brown, for making any future frivolous or duplicative filings, which consume the resources of the court and delay legitimate court matters.

4. Judge Hicks cites the aforementioned case law, which has restricted access and requires a subscription service, like Westlaw, in order to read it and ascertain the definition of frivolous, as such, this is a heavy burden on *pro se* litigants to maintain a subscription to a service that cost upwards of $400 dollars a month.

5. Judge Maurice Hicks has effectively attempted to chill and deter Plaintiff Brown's substantive rights to redress the government for grievances, and cites this irrelevant case law to try and further his own brand of justice. The case in question

includes twenty years of illegitimate, fanciful, and unreasonable cases by Whitehead against a plethora of corporations for alleged theft of intellectual properties. ***Whitehead v. Paramount Pictures Corp., 2009 WL 1491402 (E.D.Va. May 26, 2009)*** (enjoining Plaintiff from filing any new civil actions in the Eastern District of Virginia without first seeking and obtaining leave of court); ***Whitehead v. Viacom, 233 F.Supp.2d 715 (D.Md.2002)*** (finding Plaintiff "is clearly a vexatious litigant" with "blatant disregard for this court and the judicial system as a whole"); ***Whitehead v. Paramount Pictures Corp., 145 F.Supp.2d 3 (D.D.C.2001)*** (ordering Plaintiff to seek leave of Court before any filing of his be accepted by the Clerk of Court after finding he "has no regard for our judicial system or the drain on its resources caused by his actions"); ***Whitehead v. Wickham, 2005 WL 2874975 (D.C.Super., Sept. 6, 2005)*** (enjoining Plaintiff from filing any new cases without leave of court after recognizing his "long history of filing vexation, harassing, and duplicative lawsuits in the District and throughout the country."). Plaintiff is cautioned that sanctions may ensue if he files further frivolous pleadings in this action. ***Whitehead v. White & Case, LLP, No. 12-CV-0399, 2012 WL 1795151, at *1 (W.D. La. Apr. 19, 2012)***, report and recommendation adopted, No. 12-CV-0399, 2012 WL 1795148 (W.D. La. May 16, 2012)

6. The purpose of Rule 11 **sanctions** is to deter the filing of groundless or frivolous lawsuits. FED.R.CIV.P. 11 (advisory committee notes); ***Thomas v. Capital Security Services, Inc., 836 F.2d 866, 877 (5th Cir.1988)***. All pleadings,

motions, and other papers must comply with the rule. FED.R.CIV.P. 11(a). The signature of an attorney or unrepresented party on a document filed with the court constitutes a certification that: **(1)** he has conducted a reasonable inquiry into the facts which support the document; **(2)** he has conducted a reasonable inquiry into the law such that the document embodies existing legal principles or a good faith argument for the extension, modification, or reversal of existing law; and **(3)** the modification is not interposed for the purposes of delay, harassment, or increasing the costs of litigation. ***Childs v. State Farm Mutual Automobile Insurance Co.*, 29 F.3d 1018, 1024 (5th Cir.1994)**

## I.  CLOSING STATEMENT

The objective facts within this case and controversy are on the side of the Plaintiffs, and no amount of obfuscation will deter or chill the Plaintiff's First Amendment right to petition the government for redress of grievances.

The suspension of the rule of law, by administrative agencies and orders, isn't lacking merit, nor is supplemental filings by working class members of society; and this Court is tasked with providing the findings of fact and conclusions of law while using case law citations that the Plaintiffs can reasonably find, read, and use to verify subject matter and context that the citations are being used correctly.

For example, filing a complaint in court is a form of petitioning activity; but "**baseless litigation** is not immunized by the First Amendment right to petition." ***Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 743, 103 S.Ct. 2161,**

*2170, 76 L.Ed.2d 277 <u>McDonald v. Smith,</u> 472 U.S. 479, 484, 105 S. Ct. 2787, 2791, 86 L. Ed. 2d 384 (1985)*

A claim is frivolous when the claim lacks any arguable basis either in law or in fact *<u>Neitze v. Williams,</u> 490 U.S. 319, 325 (1989).* That means, in a frivolous claim, either: "**(1)** "the 'factual contentions are clearly baseless,' such as when allegations are the product of **delusion or fantasy**;" or **(2)** "the claim is 'based on an indisputably **meritless legal theory**.'" *<u>Livingston v. Adirondack Beverage Co.,</u> 141 F.3d 434, 437 (2d Cir. 1998).*

This nation was formed with several foundational principles in mind, among them, the belief that a system of checks and balances between the branches of government could prevent an accumulation of power in one branch of government and protect the public interest. ***See, e.g., The Federalist No. 47, at 271 (James Madison) (Am. Bar Ass'n ed., 2009)***; ***The Federalist No. 51, at 294 (James Madison) (Am. Bar Ass'n ed., 2009)***. "Since the 1930s, administrative agencies, independent creatures of the executive branch, but often referred to as the 'fourth branch' of government have assumed significant regulatory, administrative, and adjudicative responsibilities that today "touch[] almost every aspect of daily life." *<u>Free Enter. Fund v. Pub. Co. Accounting Oversight Bd.,</u> 561 U.S. 477, 499 (2010).* These agencies make decisions with respect to regulations, funding, and access to programming that impact the general public in a myriad of ways. As governmental entities, it is fundamental that these agencies remain both accountable to and in service to the people which they serve.

With the above citations of applicable court cases in mind, the assertion by this Honorable Court that the Plaintiff's pleadings and subsequent filings are either fantasy, meritless legal theory, or baseless litigation designed to overload the Court calls into question the independence of this judiciary and whether this Court is unbiased and readily able to perform its duty, functions, and responsibilities.

The Plaintiffs and those similarly situated, at this present time, cannot accept the "moot" argumentation of this Court as being valid or with merit; the facts are that agency action based on non-binding recommendations, suggestions, or advice; by the CDC, FDA, OSHA, and the Biden Administration; sent this wonderful Country into a tailspin both financially and morally, and further, suspended the Supreme Law of the Land. Therefore, the Plaintiffs ask this Court to clarify Doc. 34, and identify the baseless litigation, delusions, fantasy, and meritless legal theory to warrant the threat of sanctions.

WHERFORE the Plaintiffs, move this Honorable Court to enter an Order, clarifying the statements of Doc. 34 by Judge Maurice Hicks.

Respectfully Submitted,

_____
Brandon Sibley, *Pro se*