## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**BRANDON SIBLEY, ET AL.**                    **CIVIL ACTION**

**VERSUS**                                    **NO. 23-24-SMH-CBW**

**SHELLY D. DICK, et al.**

---

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
### BY DEFENDANT CHIEF JUDGE SHELLY D. DICK

#### Introduction

Plaintiffs Harold Brown, Brandon Sibley, and Melanie Jerusalem have brought suit against Defendant Shelly D. Dick and numerous other Defendants alleging causes of action under *Bivens*, 42 U.S.C. § 1985 (conspiracy to violate constitutional rights), common law conspiracy, 42 U.S.C. § 2000a (denial of service at a place of public accommodation), and negligent infliction of emotional distress. (Rec. Doc. 1 – Compl., p. 7).   Defendant Shelly D. Dick ("Chief Judge Dick") is a United States District Judge, who currently sits in the Middle District of Louisiana and serves as Chief Judge. (Rec. Doc. 1 – Compl., p. 5).

The genesis of Plaintiffs' complaint is three COVID-related orders, which, among other things, required all persons having business in the Russell B. Long Federal Building ("Federal Building") and U.S. Courthouse to wear a mask in any public space in the Federal Building. *See* Administrative Orders No. 2020-8 (dated June 30, 2020) and 2021-5 (dated July 22, 2021) (Rec. Docs. 1-1, 1-3, Compl., Exs. A, C). On March 15, 2022, Chief Judge Dick rescinded AO 2021-5 and provided that fully vaccinated individuals were no longer required to wear a mask within the Federal Building. Individuals who were not fully vaccinated, were still required to wear a mask within the building. Anyone refusing to comply, was required to leave the Federal Building

immediately. *See* Administrative Order No. 2022-3 (dated March 15, 2022) (Rec. Doc. 1-2 – Compl., Ex. B). In response to changes to Centers for Disease Control ("CDC") guidance and positive developments in the COVID-19 community infection rates with the Middle District, Chief Judge Dick issued Administrative Order No. 2023-2, which rescinded the mask requirement, regardless of vaccination status on March 29, 2023. *See* Administrative Order No. 2023-2, https://www.lamd.uscourts.gov/ orders/public_orders/AO%202023-2.pdf.   Plaintiffs seek the following: (1) a declaratory judgment that Chief Judge Dick's Administrative Orders are unconstitutional, (2) to enjoin Chief Judge Dick and the other Defendants from enforcing the Administrative Orders, and (3) $50,000 in damages for each alleged denial of entry to the courthouse. (Rec. Doc. 1 – Compl., p. 38, ¶¶ 171-172, 174).

Plaintiffs' Complaint alleges that Chief Judge Dick exceeded her judicial "capacity" in issuing the Administrative Orders, which forced medical decisions upon the general public, requiring Plaintiffs' to either take experimental drugs or wear a mask to enter the Federal Building. Rec. Doc. 1 – Compl., p. 5. Thus, Plaintiffs allege Chief Judge Dick violated their right to due process and equal protection under the First, Fourth, Fifth, Ninth, and Fourteenth Amendments. Rec. Doc.   1 at 7. Plaintiffs further allege that Chief Judge Dick conspired with the other Federal Defendants to violate their civil rights and their right to access the court. Rec. Doc. 1 – Compl., p. 7.

However, Chief Judge Dick is also entitled to absolute judicial immunity from claims in her official and personal capacity. Moreover, Plaintiffs' claims for declaratory and injunctive relief are moot, as the Administrative Orders at issue in this case have been rescinded. Should this Court find that it has subject matter jurisdiction to hear Plaintiffs' claims, Plaintiffs' complaint fails to

state a claim for relief. Plaintiffs' claims present a new remedy under *Bivens*, which this Court should not create. Additionally, Plaintiffs' claims for declaratory and injunctive relief are not cognizable under *Bivens*. Alternatively, Chief Judge Dick is also entitled to qualified immunity. Thus, Plaintiffs' complaint must be dismissed.

**Argument**

## I.    Legal Standard

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted).

A motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), may be treated as either a facial or factual challenge to the court's jurisdiction. *Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. 1981). Facial attacks, which question the sufficiency of the pleadings, require the court to consider the allegations in the complaint as true. *See Spector v. L Q Motor Inns, Inc.*, 517 F.2d 278, 281 (5th Cir. 1975). During factual challenges to subject matter jurisdiction, courts are allowed to look outside of the pleadings and no presumptive truthfulness attaches to the allegations in the complaint. *Williamson*, 645 F.2d at 413 (citing *Mortensen v. First Federal Savings and Loan Association*, 549 F.2d 844, 891 (3rd Cir. 1977)). The district court has the ability to dismiss a complaint for lack of subject matter jurisdiction based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the

complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson*, 645 F.2d at 413.

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Id*.   The district court must dismiss the action if it finds that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

In this case, Plaintiffs' claims are barred by judicial immunity, additionally, Plaintiffs' claims for injunctive and declaratory relief are moot.

Alternatively, Plaintiffs' claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim for relief that is "plausible on its face."   *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads "factual content" that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*.   This standard requires more than "a sheer possibility that a defendant has acted unlawfully." *Id*.

The Fifth Circuit stated that even though we "construe facts in the light most favorable to the nonmoving party," *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011), we must "identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* A complaint must fail if it offers only "naked assertions devoid of further factual enhancement." *Id.* at 678.   "[I]f it becomes evident that the plaintiff has failed to state or otherwise to establish a claim, then the defendant is entitled to dismissal on that basis."

*Sappington v. Bartee*, 195 F.3d 234, 236 (5th Cir. 1999).

Plaintiff's complaint must be dismissed for two reasons. First, Plaintiffs' complaint fails to state a claim for relief permitted under *Bivens* and this Court should not create a new *Bivens* remedy under the context of a judicial order for a mask mandate.   Second, Plaintiffs' complaint cannot overcome Chief Judge Dick's asserted qualified immunity defense because Plaintiffs can neither allege facts that Chief Judge Dick violated Plaintiffs' constitutional rights in issuing the mask mandates, nor that Plaintiffs' constitutional protection in not wearing a mask was clearly established at the time of the issuance of the Administrative Orders. Accordingly, Plaintiffs' complaint must be dismissed.

## II.   Plaintiffs' Claims are Barred by Absolute Judicial Immunity.

As the Supreme Court noted in *Mitchell v. Forsyth*, a defendant entitled to absolute or qualified immunity enjoys "immunity from suit rather than a mere defense to liability."   472 U.S. 511, 526 (1985).   Therefore, Chief Judge Dick's entitlement to immunity is a threshold question, which must be resolved before any other in this litigation.   *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)   ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit"); *Mitchell*, 472 U.S. at 525 ("The essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action."); *Parrish v. Nikolits*, 86 F.3d 1088, 1094 (11th Cir. 1996) (entitlement to immunity should be resolved at the earliest possible stage of litigation).

It is well-settled that judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity.   *Stump v. Sparkman*, 435 U.S.

349, 356-57 (1978); *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985). This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction. *See Stump*, 435 U.S. at 356. This absolute judicial immunity applies to claims for declaratory and injunctive relief as well as for money damages. *Wightman v. Jones*, 809 F. Supp. 474, 476–79 (N.D. Tex. 1992); *see also*, *Bolin v. Story*, 225 F.3d 1234 (Table), 13 Fla. L. Weekly Fed. C. 1089 (11th Cir. Sept. 06, 2000).

As the Fifth Circuit noted in the *Adams* decision, the Supreme Court has set forth a two-part test for determining when a judge is entitled to immunity from money damages liability when named as a defendant in a personal-liability, constitutional tort claim. *Adams*, 764 F.2d at 297 citing *Stump*, 435 U.S. at 362. The first part of the test is whether the judge dealt with the plaintiff in a judicial capacity. *Id*. If the judge was not dealing with the plaintiff in a judicial capacity, then there is no immunity. If the judge was dealing with the plaintiff in his judicial capacity, however, the second part of the test is whether the judge acted in the "clear absence of all jurisdiction." *Id*. at 357 (citation omitted).

In determining whether an act is "judicial" the Fifth Circuit considers: (1) whether the act complained of is a normal judicial function; (2) whether the act(s) occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arise from of a visit to the judge in his or her official capacity. *Adams*, 764 F.2d at 297, *citing McAlester v. Brown*, 469 F.2d 1280, 1282 (5th Cir. 1972). However, these factors should be broadly construed in favor of immunity, including in cases where one or more of the *McAlester* factors is absent. *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005).

In this case, Plaintiffs' claim against Chief Judge Dick arise from her issuance of COVID-related orders which proscribed the conduct of court proceedings (civil and criminal) and courthouse access during a novel pandemic.   Here, the issuance of orders proscribing the conduct of civil and criminal court proceedings and access to the courthouse are clearly normal judicial functions with Chief Judge Dick's authority and jurisdiction as Chief Judge[1]. *See also Coombs v. United States*, No. 21-CV-3761 (LTS), 2021 WL 2453496, at *3 (S.D.N.Y. June 15, 2021) (Issuing standing orders is within the scope of a Chief Judge's authority and jurisdiction, entitling the Chief Judge to absolute judicial immunity.)

## III.    Plaintiffs' claims for declaratory and injunctive relief are moot.

Plaintiffs seek a declaration that Chief Judge Dick's administrative orders are unconstitutional and to enjoin Chief Judge Dick from enforcing the orders. However, the orders at issue have all been rescinded. Administrative Order   ("AO") 2021-5, amended AO 2020-8. AO 2021-5 was rescinded by AO 2022-3 and AO 2022-3 was rescinded by AO 2023-2.   This development means that the challenged AOs no longer have any concrete effect on the Plaintiffs, and resolution of the parties' dispute regarding the lawfulness of the AOs no longer matters.

As a result, this case no longer presents a "live case[] or controvers[y]," *Spell v. Edwards*, 962 F.3d 175, 179 (5th Cir. 2020), and it is now "impossible for the court to grant any effectual relief whatever to a prevailing party," *Motient Corp. v. Dondero*, 529 F.3d 532, 537 (5th Cir. 2008).   Because "an intervening circumstance" has deprived "plaintiff[s] of a 'personal stake in the outcome of the lawsuit,'" the case "must be dismissed as moot."  *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013); *Spencer v. Kemna*, 523 U.S. 1, 18 (1998) (Federal courts "are

---

[1] *See* 28 U.S.C. § 136 (West).

not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong.").

No exception to mootness applies here.  The narrow exception for cases capable of repetition yet evading review applies only when "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Spencer*, 523 U.S. at 17 (brackets and quotation marks omitted).  Plaintiffs cannot meet their burden to establish either requirement.  *See, e.g.*, *Empower Texans, Inc. v. Geren*, 977 F.3d 367, 370 (5th Cir. 2020).  The AOs at issue were in effect from 2020 until 2023, thus it cannot be said that their duration was too short to be fully litigated prior to cessation.  Additionally, the Plaintiffs' challenge concerns the issuance of a mask mandate to combat the spread of a novel pandemic in its early stages, when state and federal government mandates were also in effect. There is no reasonable likelihood that this fact-specific dispute will repeat itself, nor that Chief Judge Dick will issue another mask mandate because of a serious public health danger arising from a communicable disease.  *See, e.g.*, *Spell*, 962 F.3d at 180 (holding that challenge to an expired COVID-19 stay-at-home order was not capable of repetition yet evading review because it was "speculative, at best" that a similar order raising the same issues would recur); *County of Butler v. Governor of Pennsylvania*, 8 F.4th 226, 230-31 (3d Cir. 2021) (similar); *Brach v. Newsom*, 38 F.4th 6, 15 (9th Cir. 2022) (similar); *Resurrection Sch. v. Hertel*, 35 F.4th 524, 530 (6th Cir. 2022) (similar).

The exception for voluntary cessation also does not apply.  This Court "assume[s] that formally announced changes to official governmental policy are not mere litigation posturing" and are entitled to a "presumption of good faith."  *Yarls v. Bunton*, 905 F.3d 905, 911 (5th Cir. 2018)

(quoting *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 325 (5th Cir. 2009)).  For that reason, formal changes to government policy generally "overcome[] concerns of voluntary cessation," *Amawi v. Paxton*, 956 F.3d 816, 821 (5th Cir. 2020), and "the government's ability to reimplement the statute or regulation at issue is insufficient to prove the voluntary-cessation exception," *Freedom From Religion Found., Inc. v. Abbott*, 58 F.4th 824, 833 (5th Cir. 2023).

Moreover, mootness in this case resulted from a fundamental change in public health conditions, as evidenced by the end of the Federal COVID-19 Public Health Emergency Declaration.[2] CDC's declaration of a national emergency.  Chief Judge Dick had renewed the COVID-19 orders to protect courthouse employees and the public from a public health emergency throughout the pandemic based on an assessment of the public health circumstances, as authorized under the CARES Act. Many other COVID-19 emergency declarations have similarly ended recently in light of changed public health circumstances.  *Boston Bit Labs, Inc. v. Baker*, 11 F.4th 3, 10 (1st Cir. 2021) (voluntary cessation exception did not apply to rescinded COVID-19 emergency order); *Eden, LLC v. Justice*, 36 F.4th 166, 171 (4th Cir. 2022) (same and citing cases).

## IV.    A *Bivens* Remedy Should Not be Inferred[3]

Should this Court determine that it has subject matter jurisdiction to hear Plaintiffs' claims,

---

[2]  May 11, 2023, marked the end of the federal COVID-19 Public Health Emergency declaration. *See* https://www.cdc.gov/coronavirus/2019-ncov/your-health/end-of-phe.html#:~:text=The%20federal%20COVID%2D19%20PHE,share%20certain%20data%20will%20change (Updated May 5, 2023).

[3] Plaintiffs may not obtain declaratory or injunctive relief against Chief Judge Dick in her individual capacity.  A *Bivens* lawsuit is an individual capacity lawsuit for damages, in which injunctive relief is not available.  *See Solida v. McKelvey*, 820 F.3d 1090, 1094 (9th Cir. 2016)("By definition, Bivens suits are individual capacity suits and thus cannot enjoin official government action."); *see also Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007)( "The only remedy available in a Bivens action is an award for monetary damages from defendants in their individual capacities."). Plaintiffs' request for declaratory or injunctive relief is improperly brought against Chief Judge Dick in her individual capacity and must be dismissed.

Plaintiffs' complaint fails to state a claim for relief under *Bivens* and should be dismissed.

      A.  This case presents a new *Bivens* context

In *Ziglar v. Abbasi*, the Supreme Court dramatically narrowed the circumstances in which a *Bivens* claim may be pursued. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017).   The Court explained that it had recognized a *Bivens* remedy in only three cases: (1) *Bivens,* 403 U.S. at 389, itself, which involved a Fourth Amendment claim of excessive force pursuant to a warrantless search; (2) *Davis v. Passman*, 442 U.S. 228 (1979), which allowed a Fifth Amendment equal protection claim against a Congressman for gender discrimination; and (3) *Carlson v. Green*, 446 U.S. 14 (1980), which permitted an Eighth Amendment claim for failure of prison medical staff to provide adequate medical treatment. "These three cases – *Bivens*, *Davis*, and *Carlson* – represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Abbasi*, 137 S. Ct. at 1855. "[E]xpanding the *Bivens* remedy" beyond these contexts "is now a disfavored judicial activity." *Abbasi*, 137 S. Ct. at 1857.

Because expansion of *Bivens* is "disfavored," courts must use "caution before extending *Bivens* remedies" beyond these three contexts. *Id; see also, Egbert v. Boule, 142 S. Ct. 1793, 1800 (2022).* A context is "new" -   and therefore requires a special factors analysis – if it is "different in a meaningful way from previous *Bivens* cases decided by this Court." *Abbasi*, 137 S. Ct. at 1859.   "[E]ven a modest extension is still an extension." *Id*. at 1864. And a *Bivens* remedy in a new context "will not be available if there are special factors counselling hesitation in the absence of affirmative action by Congress." *Id*. at 1859. "[E]ven a single sound reason to defer to Congress" is enough to require a court to refrain from creating such a remedy. *Egbert*, 142 S. Ct. at 1803.

The context in which plaintiff asks this court to create a damages remedy is undoubtedly new. Plaintiffs seek to extend a *Bivens* remedy to suits against the Judiciary for actions taken in response to the COVID-19 pandemic. *See, e.g., Loumiet v. United States*, 948 F.3d 376, 382 (D.C. Cir. 2020) (observing that a "'new context' is present whenever the plaintiff seeks damages from a 'new category of defendants'" and finding that executive officers in the comptroller office were a new category) (quoting *Abbasi*, 137 S. Ct. at 1860); *see also*, *Laster v. Boyle*, No. 3:21-CV-2525-D (BT), 2022 WL 4086782, at *2–3 (N.D. Tex. Aug. 4, 2022), *report and recommendation adopted*, No. 3:21-CV-2525-D, 2022 WL 4084429 (N.D. Tex. Sept. 6, 2022). Additionally, the Court has never authorized an implied remedy under the First and Ninth Amendments.[4] Plaintiffs' claims bear no resemblance to the Fourth, Fifth and Eighth Amendment claims of *Bivens*, *Carlson*, and *Davis*. Accordingly, this case presents a new context, and the inference of a *Bivens* remedy is disfavored.

      B. Alternative remedies and special factors counsel against recognizing Plaintiffs' *Bivens* claims.

Moreover, hesitation in inferring a *Bivens* remedy in this context is warranted for two reasons: (1) Plaintiff has an adequate alternative remedy available through other processes[5], and (2) multiple special factors counsel hesitation against extending a *Bivens* remedy. *See Abbasi*, 137 S. Ct. at 1860.

---

[4] Plaintiffs seek a Bivens remedy under the Fourteenth Amendment; however, the Fourteenth Amendment only applies to States and is inapposite here.

[5] Indeed, the typical avenue to challenge allegedly unconstitutional policy decisions of a federal agency is by way of official-capacity relief. *Abbasi*, 137 S. Ct. at 1862 ("Respondents instead challenge large-scale policy decisions . . . To address those kinds of decisions, [Respondents] may seek injunctive relief."). Plaintiffs could have sought a variety of equitable and other remedies in federal court including mandamus or other injunctive relief, which Plaintiffs did seek in this case.

The creation of a new *Bivens* remedy is a rare thing. For "42 years" the Supreme Court has repeatedly declined to recognize new *Bivens* claims. *Egbert*, 142 S. Ct. at 1799. "At bottom, creating a cause of action is a legislative endeavor." *Id*. at 1802. The Supreme Court urges "caution" for this reason, holding that a court "cannot" recognize a *Bivens* remedy where there is even the "potential" that "judicial intrusion into a given field might be harmful or inappropriate." *Id*. at 1805-06; *Laster v. Boyle*, No. 3:21-CV-2525-D (BT), 2022 WL 4086782, at *3 ("Ultimately the legislative branch is best positioned to determine federal employees' exposure to monetary damages for constitutional torts, which raises separation of powers concerns.").

    i.  Congress has acted comprehensively with respect to COVID-19 countermeasures and never authorized the remedy Plaintiff seeks.

In March 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), which implemented a variety of initiatives related to the onset of the COVID-19 pandemic. CARES Act, Pub. L. No. 116-136, 134 Stat. 281 (2020). The absence of liability provisions for COVID-19 countermeasures in the midst of "[c]ongressional interest" is a "telling silence" that counsels against creating a remedy. *Abbasi*, 137 S. Ct. at 1862; *see Klay v. Panetta*, 758 F.3d 369, 376 (D.C. Cir. 2014) (If "Congress has legislated pervasively on a particular topic but has not authorized the sort of suit that a plaintiff seeks to bring under *Bivens*," respect for the separation of powers demands that courts not imply a remedy.).

    ii.  *Bivens* suits are inappropriate vehicles for challenges to official government policies.

"[A] *Bivens* action is not 'a proper vehicle for altering an entity's policy.'" *Abbasi*, 137 S. Ct. at 1860 (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001)). Rather, "*Bivens*

from its inception has been based . . . on the deterrence of individual officers who commit unconstitutional acts." *Malesko*, 534 U.S. at 71. This holds true "[e]ven if the action is confined to the conduct of a particular Executive Officer in a discrete instance[.]" *Abbasi*, 137 S. Ct. at 1860. Such a claim still would "call into question the formulation and implementation of a general policy." *Id.*

Allowing a *Bivens* claim here would violate this prohibition against the use of *Bivens* remedies for such policy attacks. Plaintiffs seek to have this Court invalidate Chief Judge Dick's administrative orders in response to COVID-19. In effect, allowing such an action under *Bivens* would undermine the ability of Judges to perform their judicial functions. Such considerations should be committed to those who write the laws. *Abassi*, 137 S. Ct. at 1857.

## V.      Chief Judge Dick is entitled to Qualified Immunity

"Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions. When properly applied, it protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Ashcroft v. Al-Kidd*, 563 U.S. 731, 743 (2011), *quoting Malley v. Briggs*, 475 U.S. 335, 341 (1986).

"A public official is entitled to qualified immunity unless the plaintiff demonstrates that (1) the defendant violated the plaintiff's constitutional rights and (2) the defendant's actions were objectively unreasonable in light of clearly established law at the time of the violation." *Hinojosa v. Livingston*, 807 F.3d 657, 669 (5th Cir. 2015) (*quoting Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011)).   "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable

official would have understood that what he is doing violates that right.' " *Ashcroft v. al–Kidd*, 563 U.S. 731 (2011), *quoting Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

Courts presented with constitutional challenges to mask requirements in a variety of settings have routinely found that  mask mandates do  not  violate  a  protected  liberty interest. *Beasley v. Sch. Dist. Bd of Educ. Iberia Par.,* No. 6:21-CV-03276, 2022 WL 807043, at *7 (W.D. La. Feb. 24, 2022), *report and recommendation adopted,* No. 6:21-CV-03276, 2022 WL 806815 (W.D. La. Mar. 15, 2022). Thus, Plaintiffs fail to allege a constitutional violation.[6] Even if this court were to disagree, Plaintiff will be unable to establish that the use of mask mandates to protect federal employees and the public within a Federal Building from a novel pandemic was objectively reasonable under the circumstances.  Chief Judge Dick should be granted Qualified Immunity.

### Conclusion

For the foregoing reasons, Plaintiffs' claims against Chief Judge Shelly D. Dick should be dismissed pursuant to Fed. R. Civ. P. 12 (b) (1), or alternatively under 12 (b) (6).

May 22, 2023                                        Respectfully submitted,

                                                   BRANDON B. BROWN
                                                   United States Attorney

                            BY:   s/ KAREN J. KING
                                  _____

---

[6] Despite Plaintiffs' allegations that they were denied access to the Court, in addition to the filing of the instant case on Jan. 17, 2023, Plaintiffs all filed other actions within the Middle District during the time period they allege to not have access to the Court to pursue their claims. *See Brown v. City of Central*, et al. 3:22-CV-264 (M.D. La., filed Apr. 21, 2022); *Sibley, et al. v. Unknown, et al*., 3:20-CV-781 (M.D. La., filed Nov. 16, 2020); and *Jerusalem v. Dept. of State Louisiana, et al.*, 3:22-CV-516 (M.D. La., filed July 28, 2022). Moreover, Plaintiffs' claims for violations of civil rights and conspiracy likewise fail.

14

KAREN J. KING (#23508)
Assistant United States Attorneys
800 Lafayette Street, Suite 2200
Lafayette, Louisiana 70501
Telephone:    (337) 262-6618