UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BRANDON SIBLEY, ET AL.             CIVIL ACTION NO. 23-0024

VERSUS                              JUDGE S. MAURICE HICKS, JR.

SHELLY D. DICK, ET AL.              MAGISTRATE JUDGE WHITEHURST

## ORDER

Before the Court is Plaintiff Howard Brown's ("Brown") Motion for Emergency Injunction. See Record Document 56. Brown filed the motion pursuant to Federal Rule of Civil Procedure 65 and seeks "to enjoin the judges, magistrates, US Marshals, and WALDEN SECURITY agents from prohibiting electronic devices as a condition for entry by the public into the Middle District of Louisiana Courthouse as a matter of law." Id. at 1. Brown is challenging the Middle District's Electronic Devices Policy, which provides:

> Attorneys appearing before the court and serving as counsel of record and law enforcement officers are allowed to enter the courthouse with a cell phone, pager, smart phone, smart watch, laptop or tablet (hereinafter referred to as personal electronic devices) without seeking permission from the Chief Judge or any other judicial officer. While in the courtroom or chambers the use of personal electronic devices is limited to accessing the calendar feature, provided the judge has so directed. Attorneys and law enforcement officers seated in the courtroom may not use personal electronic devices.
>
> The permission to bring personal electronic devices into the building is subject to the following sanction: Any personal electronic device which rings or makes any other noise in the courtroom, chambers or in the hallways outside of a courtroom shall be subject to seizure and shall not.be returned to the owner.
>
> Use of audio and video recording functionality in the courthouse is strictly prohibited.

Id. Brown submits that the aforementioned policy "gives special rights to attorneys, law enforcement agents (a/k/a WALDEN SECURITY) over the public and then threatens property confiscation without a warrant." Id. at 2. He alleges such policy is a crime under

the Constitution and demonstrates an "ongoing discriminatory animus." Id. He seeks an order "permanently enjoin[ing] the courthouse staff and its officials from prohibiting the public to enter the courthouse with their personal electronic devices." Id.

Whether interpreted as a request for a preliminary injunction or a temporary restraining order, the instant motion is governed by Rule 65. The Fifth Circuit set forth the following standard for issuance of an injunction:

> Plaintiffs seeking a preliminary injunction must show: (1) a substantial likelihood of success on the merits, (2) a substantial threat that plaintiffs will suffer irreparable harm if the injunction is not granted, (3) that the threatened injury outweighs any damage that the injunction might cause the defendant, and (4) that the injunction will not disserve the public interest. A preliminary injunction is an 'extraordinary remedy' and should only be granted if the plaintiffs have clearly carried the burden of persuasion on all four requirements.

Nichols v. Alcatel USA, Inc., 532 F.3d 364, 372 (5th Cir. 2008) (cleaned up). Brown's motion fails to satisfy the burden to show a substantial likelihood of success on the merits, irreparable harm if the injunction is not granted, or that the threatened injury outweighs any damage that the injunction may cause the defendants. Moreover, the relief sought by Brown is an extraordinary remedy and he has failed to persuade the undersigned that such relief is necessary. Thus, Brown's Motion for Emergency Injunction (Record Document 56) is **DENIED**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 1st day of June, 2023.

_____
United States District Judge