UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRANDON SIBLEY, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-24-SMH-CBW** |
| **SHELLY D. DICK, et al.** | |

---

**DEFENDANT CHIEF JUDGE SHELLY D. DICK'S
REPLY MEMORANDUM IN SUPPORT OF
<u>MOTION TO DISMISS</u>**

### Introduction

Plaintiff Melanie Jerusalem (Jerusalem) filed an opposition to Defendant Chief Judge Shelly Dick's (Defendant Dick) motion to dismiss on June 12, 2023. Rec. Doc. 61, Brief in Opp. Jerusalem was joined as a plaintiff in this action by amended complaint filed on March 29, 2023. Rec. Doc. 22, Am. Compl. A review of the factual allegations between the original and amended complaints does not evidence any additional factual allegations regarding Jerusalem. However, Jerusalem submitted an affidavit, attached to the amended complaint as Exhibit L, Rec. Doc. 22-12. Jerusalem states that she entered the federal courthouse in the Middle District of Louisiana on four occasions in 2022: July 28, Aug. 12, Aug. 16, and Sept. 30. Rec. Doc. 22-12, Exhibit L, ¶¶ 5-8. On two occasions, Aug. 12 and Sept. 30, Jerusalem states that she was not asked to provide proof of vaccination, nor was she asked to wear a mask. *Id*. at ¶¶ 6, 8. On those dates, after security screening, she proceeded to the clerk's office to file documents. *Id*.

On the remaining two dates, July 28 and Aug. 16, Jerusalem was asked for proof of vaccination, and when she was unable to provide same, she was advised that she needed to wear a mask. *Id*. at ¶¶ 5, 7. Jerusalem used a personal cloth to cover her face (July 28) and a supplied mask (Aug. 16) on these occasions, but as soon as she walked the "few feet" from the security

screening to the clerk's office, she removed the face coverings. *Id*. at ¶¶ 5, 7. Jerusalem's affidavit indicates she was concerned that the masks were in "open air, un-sealed, non-sterile containers." *Id*. When she examined the box on Aug. 16, it did not contain any information, "stating that it would prevent the spread of any virus or that it would allow her to breathe adequate oxygen." *Id*. at ¶ 7.

In opposing Defendant Dick's motion to dismiss, Jerusalem argues that: (1) the COVID orders issued by Defendant Dick are administrative and, therefore, not covered by absolute judicial immunity; (2) the Supreme Court has extended a *Bivens* remedy based upon a deprivation of the right to access the courts; (3) the COVID orders burdened her free exercise of religion; and (4) her claims for declaratory and injunctive relief are not moot because there is a reasonable expectation that she will be subject to a similar COVID order.

**Judicial Immunity**

Jerusalem argues that Defendant Dick operated "outside the lawful confines of her office in an administrative role and applied [the COVID] orders to the members of the General Public as opposed to her employees, absent of law or authority…[and]…thereby…forfeited her judicial immunity." Rec. Doc. 61, p. 6. Although she lists the factors considered by courts in determining whether a judge's actions are judicial in nature, there is no analysis, application of law to facts, or discussion of the cases cited by Defendant Dick in support of judicial immunity. The cases cited by Jerusalem are largely inapposite on the facts presented here.[1] In the *Mireless* case, the Supreme

---

[1] *Antoine v. Byers & Anderson, Inc.*, also cited by Plaintiff Jerusalem answered the question of whether judicial immunity applied to court reporters, holding that it did not. *Antoine*, 508 U.S. 429, 436–37, 113 S. Ct. 2167, 2171–72, 124 L. Ed. 2d 391 (1993).

2

Court found that judicial immunity applied where a judge ordered police offers to bring an attorney before the court "forcibly and with excessive force." *Mireles v. Waco*, 502 U.S. 9, 13, 112 S. Ct. 286, 289, 116 L. Ed. 2d 9 (1991). Judicial immunity was not extended for personnel or employment actions of demotion and discharging a judicial employee. *Forrester v. White*, 484 U.S. 219, 229, 108 S. Ct. 538, 545, 98 L. Ed. 2d 555 (1988). Nor has judicial immunity been extended to legislative functions. *Supreme Court of Virginia v. Consumers Union of United States, Inc.*, 446 U.S. 719, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980) (Promulgation of a code of conduct for attorney was a legislative function.). The Ninth Circuit found the imposition of a contempt order by a judge acting in his capacity as an administrative law judge to be covered by judicial immunity. *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990).

In this case, Defendant Dick was acting in her judicial capacity as Chief Judge when she issued orders relative to court operations during a novel pandemic. Specifically, the orders extended the CARES Act authorization for the use of video and telephone conferencing in court proceedings and provided for the resumption of civil and criminal trials, evidentiary hearings, arraignments, sentencings, and grand jury proceedings. The initial orders in 2020 and 2021 also required all persons to wear masks in any public space within the courthouse. Rec. Docs. 1-1, 1-3, Compl., Exs. A, C. In 2022, the mask order was revised to provide for requirements for vaccinated and unvaccinated persons appearing before the court. Rec. Doc. 1-2 – Compl., Ex. B. These orders are not legislative, or employment related. Jerusalem argues the orders are administrative in conclusory fashion.

However, Jerusalem does not address how Defendant Dick's orders differ from the standing orders in the *Coombs* case cited in Defendant Dick's opening brief. *Coombs v. United*

3

*States*, No. 21-CV-3761 (LTS), 2021 WL 2453496, at *3 (S.D.N.Y. June 15, 2021) (Issuing standing orders is within the scope of a Chief Judge's authority and jurisdiction, entitling the Chief Judge to absolute judicial immunity.) Like in *Coombs*, Defendant Dick's issuance of standing orders addressing court proceedings and access to the court are part of her normal judicial function as Chief Judge, entitling her to absolute judicial immunity.

**Declaratory and Injunctive Relief**

In response to Defendant Dick's argument that Plaintiffs' claims for declaratory and injunctive relief are moot. Jerusalem attempts to impermissibly "re-direct" the court to decide whether the order "should have ever been issued in the first place and to whom it pertains." Rec. Doc. 61, p. 14. Jerusalem argues that Defendant Dick cannot provide any assurances that "this set of circumstances" will not be repeated in the future. *Id.* at 15. In support, Jerusalem points to an online article regarding a mask requirement on one floor in the Connecticut State Capital building for a few days, which has been lifted. *Id.* Plaintiff Jerusalem also points to another online article that alleges the White House has brought back face masks and social distancing for the unvaccinated. *Id*. However, a simple google search reveals several online articles advising that the mask guideline inadvertently sent out was outdated and that masks are not required.[2] Regardless, neither of these news articles would constitute any exception to mootness in this case.

Jerusalem attempts to further support her argument against mootness by arguing that the court makes other distinctions between: (1) pro se parties and counsel, who are allowed to

---

[2] White House corrects mask guidelines for unvaccinated guests at NCAA event, https://www.foxnews.com/politics/white-house-corrects-mask-mandate-social-distancing-for-unvaccinated-guests-at-ncaa-event, published Jun 12, 2023, accessed Jun 14, 2023. *See also*, Guidance inadvertently sent by White House required masks for unvaccinated at 'College Athlete Day,' https://justthenews.com/government/white-house/masks-and-social-distancing-required-unvaccinated-college-athlete-day-white, updated Jun 10, 2023, accessed Jun 14, 2023.

4

electronically file, (2) members of the general public and counsel and law enforcement agents, who are allowed to bring electronic devices into the courthouse, (3) members of the general public and courthouse employees, who are allowed to enter the courthouse without identifying themselves or being subject to search, and (4) members of the general public and law enforcement and their contractors, who are allowed to enter the courthouse with guns. However, none of these policies, which are in place at federal courthouses across the country, in any way evidence that Defendant Dick's prior COVID orders are capable of repetition, yet evading review, nor does Jerusalem address the case law that considers any such challenges to be speculative, at best. *See* Rec. Doc. 51, p. 8.

Additionally, Jerusalem suggests that Defendant Dick's rescission of the COVID order on March 29, 2023 was done to circumvent this action, which was filed two months prior on Jan. 17, 2023, rather than the planned end of the Public Health Emergency as announced in February 2023.[3] Yet again, Jerusalem fails to address the presumption of good faith, articulated by the Fifth Circuit in *Yarls*[4], or the case law[5] finding that the voluntary cessation exception does not apply to rescinded COVID-19 emergency orders. Thus, Plaintiffs' claims for declaratory and injunctive relief remain moot.

---

[3] Xavier Becerra, Secretary of the U.S. Department of Health and Human Services announced that the COVID-19 Public Health Emergency would end on May 11, 2023. See https://www.hhs.gov/about/news/2023/02/09/letter-us-governors-hhs-secretary-xavier-becerra-renewing-covid-19-public-health-emergency.html, released Feb. 9, 2023.
[4] *Yarls v. Bunton*, 905 F.3d 905, 911 (5th Cir. 2018).
[5] *Boston Bit Labs, Inc. v. Baker*, 11 F.4th 3, 10 (1st Cir. 2021) (voluntary cessation exception did not apply to rescinded COVID-19 emergency order); *Eden, LLC v. Justice*, 36 F.4th 166, 171 (4th Cir. 2022) (same and citing cases).

5

**Bivens (Money Damages)**

Jerusalem makes a passing reference to a claim for deprivation of her constitutional right of access to courts, citing *Christopher v. Harbury*, 536 U.S. 403, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002). Rec. Doc. 61-2, p. 13. However, the Supreme Court expressed no opinion on the existence of a *Bivens* cause of action in *Christopher*, specifically noting that the petitioner did not challenge the existence of such a claim in the lower court. *Christopher v. Harbury*, 536 U.S. at 412. Moreover, Supreme Court precedent forecloses the extension of a Bivens remedy in this case which would present a new context as argued in Defendant Dick's opening brief. Rec. Doc. 51, p. 11.

**Qualified Immunity**

Regarding Defendant Dick's alternative qualified immunity argument, Jerusalem argues that Chief Judge Dick violated Jerusalem's constitutional right to enter the courthouse "among others." Rec. Doc. 61, p. 11. Jerusalem goes on to reference a state criminal statute, La. R.S. 14:313, that pertains to the wearing of hoods or masks to conceal or hide the identity of a person or prevent the person from being readily recognized. Jerusalem also references a federal conspiracy statute, 18 U.S.C. § 241, which makes it a federal crime for two or more persons to go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege secured by the Constitution or laws of the United States. The argument appears to be that complying with the COVID orders would force Jerusalem to commit a felony. Rec. Doc. 61, p. 11.

Once again, Jerusalem fails to address the case law cited by Defendant Dick, specifically the *Beasley* case, which made clear that mask mandates do not violate a protected liberty

6

interest, and they certainly do not lead to the commission of a felony. *Beasley v. Sch. Dist. Bd of Educ. Iberia Par.,* No. 6:21-CV-03276, 2022 WL 807043, at *7 (W.D. La. Feb. 24, 2022), *report and recommendation adopted,* No. 6:21-CV-03276, 2022 WL 806815 (W.D. La. Mar. 15, 2022).

Jerusalem also appears to argue that the COVID orders somehow violated the Religious Freedom Restoration Act of 1993, by violating her right to "perform or abstain from performing certain physical acts in accordance with one's beliefs." Rec. Doc. 61, p. 12. Jerusalem expounds on this argument further in a second brief, or "Memorandum for Reply Brief" that the COVID-19 order forced her to use "the expensive and unreliable United States Post Office" to litigate her case in the Middle District, which purportedly financially burdened Jerusalem's exercise of her religion. Rec. Doc. 61-2, pp. 1-4.

However, Jerusalem offers no facts or further argument as to her religion or how the COVID orders prevented her from exercising her religion. To the extent that Jerusalem argues that the increased cost of using the mail constitutes a substantial burden on her free exercise of religion, assuming she were able to articulate an affected religious belief or practice, such an argument has already been foreclosed. Citing the Supreme Court's decision in *Braunfeld v. Brown*, the Fourth Circuit noted:

> It is well established that there is no substantial burden placed on an individual's free exercise of religion where a law or policy merely "operates so as to make the practice of [the individual's] religious beliefs more expensive." *Braunfeld v. Brown,* 366 U.S. 599, 605, 81 S.Ct. 1144, 1147, 6 L.Ed.2d 563 (1961) (plurality opinion).

7

*Goodall by Goodall v. Stafford Cnty. Sch. Bd.*, 60 F.3d 168, 171 (4th Cir. 1995). Moreover, Jerusalem does not explain how the COVID-19 orders forced her to use the postal service, when she was able to enter the courthouse and file her documents on all four occasions by her report. Rec. Doc. 22-12, Exhibit L, ¶¶ 5-8.

Plaintiffs fail to articulate an actual violation of any constitutional right, thus if their complaint were to survive judicial immunity, and a Bivens remedy were to be inferred, Defendant Dick would still be entitled to qualified immunity.

**Miscellaneous Claims**

Further, Plaintiffs' claims for conspiracy to violate constitutional rights[6], denial of service at a place of public accommodation[7], and negligent infliction of emotional distress[8] are all foreclosed by either statute or Fifth Circuit precedent. (Rec. Doc. 1 – Compl., p. 7; Rec. Doc. 22 – Am. Compl., p.8).

---

[6] Plaintiffs are unable to bring claims under 42 U.S.C. § 1985(1) as they are not federal officials, § 1985(2) to the extent that there is no state court proceeding involved, or 42 U.S.C. § 1985(2) and (3) in the Fifth Circuit. *See Mack v. Alexander*, 575 F.2d 488, 489 (5th Cir. 1978); *Cantú v. Moody*, 933 F.3d 414, 419 (5th Cir. 2019), cert. denied, —– U.S. ——, 141 S. Ct. 112, 207 L. Ed. 2d 1052 (2020).

[7] 42 U.S.C. § 2000a does not apply to federal courthouses. 42 U.S.C. § 2000a(b).

[8] Claims for negligent infliction of emotional distress sound in tort and may only be brought against the United States, not federal employees. 28 U.S.C. § 1346(b)(1); 28 U.S.C. § 2679(a); *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). For this reason, any derivative claim for common law conspiracy must also fail. *Brown v. City of Cent.*, No. CV 22-264-SDD-RLB, 2023 WL 2950613, at *3 (M.D. La. Jan. 13, 2023), *report and recommendation adopted*, No. CV 22-264-JWD-RLB, 2023 WL 2385595 (M.D. La. Mar. 6, 2023) (Civil conspiracy is not an actionable claim under Louisiana law, requiring an underlying tort).

**Conclusion**

Defendant Dick is entitled to absolute judicial immunity from claims in her official and personal capacity. Moreover, Plaintiffs' claims for declaratory and injunctive relief are moot, as the Administrative Orders at issue in this case have been rescinded. Should this Court find that it has subject matter jurisdiction to hear Plaintiffs' claims, Plaintiffs' complaint fails to state a claim for relief. Plaintiffs' claims present a new remedy under *Bivens*, which this Court should not create. Additionally, Plaintiffs' claims for declaratory and injunctive relief are not cognizable under *Bivens*. Alternatively, Defendant Dick is also entitled to qualified immunity. Finally, Plaintiffs also fail to state a claim for conspiracy, denial of service at a place of public accommodation, or negligent infliction of emotional distress. Thus, for the foregoing reasons and the reasons assigned in Defendant Dick's opening brief, Plaintiffs' complaint must be dismissed.

June 22, 2023                                           Respectfully submitted,

                                                                       BRANDON B. BROWN
                                                                       United States Attorney

BY:    s/ KAREN J. KING
         KAREN J. KING (#23508)
         Assistant United States Attorneys
         800 Lafayette Street, Suite 2200
         Lafayette, Louisiana 70501
         Telephone:    (337) 262-6618

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of June, 2023, a copy of the foregoing Defendant Chief Judge Shelly D. Dick's Reply Memorandum in Support of Motion to Dismiss was filed electronically with the Clerk of Court using the CM/ECF system.  I further certify that a copy of same has been forwarded via first class mail, postage prepaid and properly addressed to *pro se* Plaintiffs as follows:

    Brandon Albert Sibley
    17517 Cline Drive
    Maurepas, LA 70449

    Howard Gary Brown
    1344 Lakeridge Drive
    Baton Rouge, LA 70802

    Melanie Jerusalem
    5130 Woodside Drive
    Baton Rouge, LA 70808

                                                    s/KAREN J. KING
                                                    KAREN J. KING   (#23508)
                                                    Assistant United States Attorney