# Exhibit AR

**Brandon A. Sibley**
17517 Cline Drive
Maurepas, LA 70449
Phone: (225) 369-7806
Fax: (985) 238-3818
Bsibley97@gmail.com

**Howard G. Brown**
1344 Lakeridge Drive
Baton Rouge, LA 70802
Phone: (504) 756-1987
Fax: (985) 238-3818
hgarybrown@gmail.com

**Melanie Jerusalem**
5130 Woodside Drive
Batton Rouge, LA 70808
Phone: 337-945-9008
jerusalemmelanie@yahoo.com

# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF LOUISIANA

BRANDON SIBLEY, ET AL )
      Plaintiffs, )
V. ) Case No. 3:23-CV-0024-JWD-EWD
SHELLY D. DICK, )
ET AL., )
      Defendants. )

# INTIMIDATION TACTICS AFFIDAVIT

One, Howard Brown, the Undersigned Affiant, hereinafter known as I, me, myself or one, Howard Brown, does hereby solemnly affirm, declare and state, under penalty and perjury, including first hand witness and testimony as follows:

1. Affiant is competent to state the matters set forth herewith.

2. Affiant has personal knowledge of the facts stated herein

3. All the facts stated herein are true, correct, and complete in accordance with Affiant's best firsthand knowledge and understanding, and if called upon to testify as witness Affiant shall so state.

# FACTS

4.     On June 12, 2023 Plaintiff Sibley and Brown entered the lobby of the Middle District Courthouse with our response to Shelly Dick's *Motion to Dismiss*.

5.     WALDEN SECURITY AGENTS requested our state issued license to record our names.

6.     We were asked where we intended to go inside the courthouse.

7.     Both Plaintiff Sibley and Brown answered 'the Clerk's Office.'

8.     WALDEN AGENTS then asked both Plaintiffs to remove their shoes as a condition for entry into the courthouse.

9.     Plaintiff Sibley asked if this was a new policy.

10.    WALDEN AGENTS affirmed that it was a new US Marshals Policy.

11.    Plaintiff Sibley asked for a copy of this policy just as Walden Agent Thompson was on his way out of the courthouse for duty.

12.    Mr. Thompson stopped to exchange pleasantries with Plaintiffs and even addressed Plaintiff Brown by name with a cheerful disposition.

13.    Mr. Thompson and multiple other WALDEN AGENTS agreed that it was a private policy and that it couldn't be shared with Plaintiffs.

14.    Plaintiff Brown made it known to the five **(5)** Walden Agents that asking for ID and the warrantless search violated substantive rights.

15.    Upon passing through the metal detector and getting re-dressed the tall, white, gray-haired man with a gray mustache was assigned to follow us around the

courthouse in an act of intimidation against Plaintiffs exercising their First Amendment Right to access the court.

16.     This tall gray-haired man refused to speak much less answer any questions for the entirety of our visit to the courthouse.

17.     This tall gray-haired man followed Plaintiffs to the Clerk's office and stood behind them in a defensive posture.

18.     Plaintiffs were in the Clerk's office exercising their First Amendment right to use the court to redress the government for grievances while WALDEN SECURITY AGENTS attempted to intimidate Plaintiffs.

19.     Upon leaving the Clerk's office Plaintiff's wanted to visit the commissary in the back of the first floor of the courthouse and the tall gray-haired agent followed Plaintiffs to the commissary.

20.     Plaintiffs observed five (5) Tables with at least fourteen (14) Chairs and three (3) commercial garbage bins like you would see at a fast food restaurant.

21.     Plaintiffs observed that food and drink were available for purchase and a place provided to enjoy said food and drink on premises.

22.     This tall gray-haired man then followed Plaintiffs back to the Courthouse lobby and through the exit.

23.     Plaintiff Brown turned to this man and stated, "What you're doing is how Michael Attaway got added to the complaint."

24.     The tall gray-haired man broke off his pursuit at that point.

25.    On June 13, 2023, Plaintiff Brown sent an email to AUSA Katherine Green,

AUSA Karen King, Dalton Peterson with Congressman Graves Office, both

attorneys from Walden Security, and all other Plaintiffs that read:

> RE: Case # 3:23-cv-0024 in the Middle District of Louisiana
> SIBLEY, ET AL  v. DICK, ET AL
>
> Ladies,
>
> I hope that this email finds you healthy and in good spirits. It's getting hot in
> Louisiana at the moment, but we have had some pretty days that I hope you
> have been enjoying.
>
> Plaintiff Sibley and I entered the Middle District yesterday to file our response to
> Shelly Dick's Motion to Dismiss.
>
> Walden Security Agents demanded that we remove our shoes for entry into the
> courthouse; stating that it was a new US Marshals policy, yet they told us the
> policy was private and could not be handed to us.
>
> I am sending a records request to the clerk and to the national office of the US
> Marshals today to request this policy.
>
> Further, one of the Walden Agents, in an act of intimidation, followed us around
> the building and stood behind us in a defensive posture for the entirety of our visit
> to the courthouse. He refused to engage in ANY conversation and remained in
> an intimidating posture. Is this something Walden has requested, was he acting
> alone, or was this behavior requested of Walden by those in government?
>
> Lastly, I have contacted the legislative branch, specifically the House Judiciary,
> to inform them of the intimidation tactics now being advanced in the Middle
> District of Louisiana against the Plaintiffs trying to exercise their 1st Amendment
> rights to redress the government for grievances.
>
> Thanks in advance for your attention in this matter; I look forward to your
> response.
>
> Sincerely,
>
> Howard Brown
>
> P.S. A copy of this email has been mailed to the following:

U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

26.     In under nine (9) minutes Plaintiff Brown received a response from Christine

S. Keenan (one of the Walden Attorneys) that read:

      Thank you for reaching out, Mr. Brown.  We are looking into the
matter.

      Kindest regards,

      Christine

      **CHRISTINE S. KEENAN, ESQ.**
      **THE KULLMAN FIRM**
      T:  225-906-4250 | D: 225-906-4248
      CSK@KULLMANLAW.COM

27.     Today is June 19, 2023 and no further response from any party has been

received by Plaintiffs.

28.     Shortly after sending the email discussed above Plaintiff Brown on June 13,

2023, returned to the Middle District Courthouse to file Plaintiffs' response to

Walden Security's *Motion to Dismiss.*

29.     Plaintiff Brown arrived about 12:52pm eight **(8)** minutes before the Clerk's

office opens to watch others entry into the courthouse.

30.     Plaintiff Brown witnessed six **(6)** people enter the Courthouse, none of which

removed their shoes. (Two relatively young white women, Erica who works in the

Clerk's office, an Asian man, and two men wearing suits one black and one white)

31.    All of the people mentioned above went through the check-in process and metal detectors with the exception of Erica and NONE removed their shoes.

32.    Plaintiff Brown then entered the lobby and, once again, was asked to remove his shoes, and walk through the metal detector.

33.    Plaintiff Brown's hat was inspected by the Walden Agent standing on the other side of the metal detector.

34.    After Plaintiff Brown had put his shoes back on inside the Courthouse the Walden Agents asked for them to be removed again for inspection.

35.    Plaintiff Brown handed his shoes to the Agent operating the metal detector and several agents gathered around to watch the inspection.

36.    Plaintiff Brown had to interpret the visual from the x-ray machine for these professionals.

37.    The shoes were placed on top of Plaintiff's wallet and the folder containing the documents to be filed in the Clerk's office which had a few paper clips for organizational purposes.

38.    Plaintiff was asked to hand over his wallet for inspection as well.

39.    Plaintiff Brown complied while laughing about the situation.

40.    Plaintiff Brown then embarked on the 7 steps it takes to enter the Clerk's Office and was followed by a different Walden Agent into the Clerk's office.

41.    This Walden Agent was short and stocky with grayish to salt and pepper hair and wore a blue sport coat.

42.    This Walden Agent refused to give his name to Plaintiff Brown.

43.    Plaintiff Brown also submitted two **(2)** sets of written questions for the Clerk about the administration of his case, as the Clerk has refused to meet with or even speak on the phone with Plaintiff despite multiple attempts to schedule a meeting or call.

44.    Plaintiff Brown then headed to the snack room to purchase a bag of chips and a Dr. Pepper with the Walden Agent in tow.

45.    Plaintiff Brown then proceeded to exit the Courthouse with the Walden Agent following close behind.

46.    Plaintiff Brown took pictures of several of the people he witnessed entering the courthouse and those pictures are available upon request.

47.    Plaintiff Brown then made a phone call from the Courtyard and made his way to the Bankruptcy side of the Courthouse.

48.    Plaintiff Brown entered the Bankruptcy side of the Courthouse and entered the Clerk's office without having to remove his shoes or having a Walden Agent follow him into the Clerk's office.

49.    Plaintiff Brown sat and waiting for a Clerk to come to the window.

50.    After about two (2) minutes Plaintiff Brown was kindly greeting by Clerk Chad Smith who introduced himself upon request.

51.    Plaintiff Brown told Chad Smith that he was the victim of discrimination on the other side of the Courthouse and simply entered here to see if Walden Agents would make him remove his shoes as condition for entry and they did not.

52.    Chad Smith replied, "you know I will only be able to say that you told me that story, right?"

53.    Plaintiff Brown nodded his head in agreement and told Chad Smith, "you're more than welcome to let the other side of the courthouse know what happened here," and then exited the Courthouse.

54.    On June 21, 2023, Plaintiff Brown and Sibley returned to the courthouse to file several documents in multiple cases.

55.    Plaintiff Sibley and Brown, while getting dressed on the other side of the metal detectors were informed that there is a private US Marshals Memo that singles out Plaintiff Sibley and Brown for extra inspection upon entering the courthouse and requires an armed Walden Agent to escort us everywhere in the building.

Respectfully Submitted,

Howard Brown, *Affiant*

## VERIFICATION OF AFFIDAVIT

STATE OF LOUISIANA
EAST BATON ROUGE PARISH

BEFORE ME personally appeared Howard G. Brown who, being by me first duly sworn and identified in accordance with Louisiana law, deposes and says:

1. My name is Howard G. Brown, plaintiff herein.

2. I have read and understood the attached foregoing motion and memorandum in support thereof and filed herein, and each fact alleged therein is true and correct of my own personal knowledge.

FURTHER THE AFFIANT SAYETH NAUGHT.

_____
Howard Gary Brown, Affiant

SWORN TO and subscribed before me this 22nd day of June, 2023.


_____
Notary Public        Emily Elise Useman

My commission expires:

9 | P a g e



EMILY ELISE USEMAN
Notary Public
State of Louisiana
St. Tammany Parish
Notary ID # 188635
My Commission is for Life