UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRANDON ALBERT SIBLEY, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-24-SMH-CBW** |
| **SHELLY D. DICK, et al.** | |

**REPLY IN SUPPORT OF THE UNITED STATES OF AMERICA'S RULE 12(b)(1), (6) MOTION TO DISMISS CLAIMS AGAINST THE MARSHAL DEFENDANTS**

The bulk of Plaintiffs' *Reply Brief in Opposition to Doc. 60 Motion to Dismiss by USMS*[1] and *Memorandum in Opposition to Doc. 60 Motion to Dismiss by USMS*[2]—to the extent those duplicative filings are procedurally proper[3]—consists of ad hominem attacks and inflammatory rhetoric to which no response is necessary or warranted. The United States therefore re-urges the arguments in its motion to dismiss, ECF No. 60, and submits this reply to address only a discrete set of issues raised by Plaintiffs.

*First*, Plaintiffs have failed to identify an applicable exception to mootness, requiring the dismissal of their claims for injunctive and declaratory relief. Plaintiffs do not dispute that Chief Judge Dick has eliminated all masking and vaccination requirements for entry to the federal courthouse through Administrative Order No. 2023-2. So any claims to enjoin those requirements are facially moot.[4] Yet Plaintiffs apparently argue that either the voluntary cessation or the

---

[1] ECF No. 78.
[2] ECF No. 79.
[3] The Court's *Notice of Motion Setting* for the United States' motion permitted Plaintiffs to file "a memorandum in opposition" within fourteen days from issuance of the notice. ECF No. 62; *cf. also* L. Civ. R. 7(f)-(g) (authorizing "a response" to a motion limited to "twenty-five pages excluding attachments"). It's therefore unclear on which authority Plaintiffs rely for filing forty-three pages of responsive arguments across two briefs.
[4] Plaintiffs also reference a litany of other complaints about courthouse operations, including (a) the inability of pro se litigants to file electronically; (b) the prohibition on electronic devices for the general public; (c) the requirement of a state-issued ID or passport to enter the federal courthouse; (d) security screening, including metal detectors and

"capable of repetition yet evading review" exception to mootness applies. *Cf.* ECF No. 78, at 6 ("This does not say that this order will never be re-enacted again; it certainly does not make any promises not to do so in the future . . . ."). Neither does.

Although in general "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice," *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (citation and internal quotation marks omitted), the Fifth Circuit has recognized that governmental entities have a "'lighter burden' . . . in proving that the challenged conduct will not recur once the suit is dismissed as moot." *Freedom from Religion Found., Inc. v. Abbott*, 58 F.4th 824, 833 (5th Cir. 2023) (citation omitted). Courts are therefore "justified in treating a voluntary governmental cessation of possibly wrongful conduct with some solicitude . . . ." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 325 (5th Cir. 2009). As a result, the bare argument—made by Plaintiffs—that the government is able "to reimplement the statute or regulation at issue is insufficient to prove the voluntary-cessation exception." *Freedom from Religion Found.*, 58 F.4th at 833.

Here, there are no extant facts suggesting that there is any imminent need to reinstate the Court's Administrative Orders regarding vaccination or masking. It is undisputed that (a) the President has terminated the national emergency related to the COVID-19 pandemic[5] and (b) the Centers for Disease Control (CDC) has ended the COVID-19 public health emergency.[6] And as

---

x-rays, at the federal courthouse; and (e) the general public's inability to carry firearms in the federal courthouse. ECF No. 78, at 10. None of those allegations are relevant to Plaintiffs' complaints of discrimination on the basis of vaccination status or religious belief, and the majority of them appear nowhere in the Amended Complaint. Regardless, "[c]ourts have held that government authorities may require visitors to a courthouse to comply with reasonable security screening measures, including passing through a metal detector or magnetometer." *Bey v. Prator*, No. 19-cv-1262, 2021 WL 3413316, at *4 (W.D. La. May 14, 2021) (collecting cases); *cf. also Szanto v. Bank of New York*, No. 22-CV-1857 TWR (DEB), 2022 WL 17816281, at *1 (S.D. Cal. Dec. 13, 2022) (stating that "electronic filing is a privilege").

[5] The White House, *Bill Signed: H.J. Res. 7* (Apr. 10, 2023), https://www.whitehouse.gov/briefing-room/legislation/2023/04/10/bill-signed-h-j-res-7/ (last visited June 27, 2023).
[6] Ctrs. for Disease Control & Prevention, *End of the Federal COVID-19 Public Health Emergency (PHE) Declaration*

the Eleventh Circuit recently observed while dismissing a challenge to a CDC rule requiring masking on public transportation, "nothing in the text of the Mandate suggests it can be revived after its expiration, and there is not a grain of evidence that the CDC has any plans to promulgate an identical mandate." *Health Freedom Def. Fund v. President of the United States*, – F.4th –, No. 22-11287, 2023 WL 4115990, at *3 (11th Cir. June 22, 2023). So Plaintiffs can offer nothing, other than their self-serving speculation,[7] to suggest it is plausible that the challenged Administrative Orders are likely to recur. The voluntary cessation exception to mootness is therefore inapplicable.

The same is true for the "capable of repetition yet evading review" exception. That exception applies "only if: (1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the [plaintiffs] [will] be subject to the same action again." *Spell v. Edwards*, 962 F.3d 175, 180 (5th Cir. 2020) (citation and internal quotation marks omitted) (alterations in original). As Plaintiffs point out,[8] the challenged Administrative Orders were in effect for nearly three years before being rescinded, making it far from clear that the duration requirement is met. But even with that issue aside, the same facts discussed above belie any reasonable expectation that Plaintiffs will be subject to the

---

(May 5, 2023), https://www.cdc.gov/coronavirus/2019-ncov/your-health/end-of-phe.html#:~:text=May%2011%2C%202023%2C%20marks%20the,to%20the%20COVID%2D19%20pandemic (last visited June 27, 2023).

[7] Plaintiffs reference two news articles—neither concerning the federal courthouse in Baton Rouge, Louisiana—in an effort to show it is possible that a mask mandate may be reimplemented. Both are unpersuasive. The first—a May 30, 2023 news article regarding masking protocol changes at the Connecticut State Capitol—was updated on June 1, 2023 to clarify that the masking requirement "has since been lifted" and that "[a]s of Thursday [June 1, 2023], masks are now optional." Angela Fortuna, *Masking Protocols Change at State Capitol Building Due to Uptick in COVID Cases*, NBC Connecticut (June 1, 2023), https://www.nbcconnecticut.com/news/local/masking-protocols-change-at-state-capitol-building-due-to-uptick-in-covid-cases/3041141/?_osource=db_npd_nbc_wvit_twt-shr (last visited June 27, 2023). The second article—regarding a purported White House masking requirement for its "College Athlete Day" event—is false. *See* Houston Keene, *White House Corrects Mask Guidelines for Unvaccinated Guests at NCAA Event*, Fox News (June 12, 2023) (noting that the White House "struck its masking and social distancing mandate" and indicating that "the COVID-related guidance in the [White House's] initial email was out of date and inadvertently included"), https://www.foxnews.com/politics/white-house-corrects-mask-mandate-social-distancing-for-unvaccinated-guests-at-ncaa-event (last visited June 27, 2023).

[8] *See, e.g.*, ECF No. 78, at 11-12.

3

Administrative Orders again. "To be sure, no one knows what the future of COVID-19 holds." *Id.* at 180. But the Fifth Circuit requires more than "merely a theoretical possibility" that the challenged conduct will recur. *Lopez v. City of Houston*, 617 F.3d 336, 340 (5th Cir. 2010) (citation and internal quotation marks omitted). And that's all Plaintiffs have offered.

Plaintiffs' claims for injunctive and declaratory relief under any cause of action are therefore moot and should be dismissed.

***Second***, Plaintiffs' entreaty for answers to their "federal questions" is a non-justiciable request for an advisory opinion. "[T]he oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions." *In re Franchise Servs. of N. Am., Inc.*, 891 F.3d 198, 205 (5th Cir. 2018) (quoting *Flast v. Cohen*, 392 U.S. 83, 96 (1968)) (internal quotation marks omitted). And "[t]he prohibition of advisory opinions is a constitutional limit on the power of the courts." *Id.*

The Court can take Plaintiffs at their word: "[T]he question before the court isn't whether Judge Dick's order is likely to ever happen again for the determination of mootness, but whether the order should have ever been issued in the first place <u>and to whom it pertains</u>."[9] But that question is only relevant to Plaintiffs' damages claims, not (as Plaintiffs concede) to prospective relief to enjoin a hypothetical future masking or vaccination order. And for the reasons discussed in the Marshal Defendants' motion to dismiss,[10] Plaintiffs have no right to damages in this lawsuit. So the Court need not consider Plaintiffs' request for advisory opinions on their "federal questions."

***Third***, Plaintiffs' reference to vending machines at the federal courthouse is insufficient to state a claim that the courthouse is a "place of public accommodation" under 42 U.S.C. § 2000a.

---

[9] ECF No. 78, at 7 (emphasis in original).
[10] ECF No. 60-1, at 11-23.

4

Plaintiffs do not respond to the cases cited in the Marshal Defendants' motion finding that public courthouses are not places of public accommodation.[11]  Rather, they suggest that the presence of vending machines at one location in the courthouse suffices to transform the building into a "restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises . . . ." 42 U.S.C. § 2000a(b)(2).[12]  The United States has been unable to locate legal authority supporting that tenuous proposition, and Plaintiffs provide none.  Rather, federal courts have found that the mere act of selling food does not transform a retail establishment—even a food market—into a "facility principally engaged in selling food for consumption on the premises." *See Chandler v. Pay-n-Save, Inc.*, No. 21-1228 KG/SCY, 2022 WL 4016807, at *5 (D.N.M. Sept. 2, 2022) ("Accordingly, the Court finds that Lowe's Supermarket, as alleged, is a retail establishment not principally engaged in selling food for consumption on the premises and concludes that it is not covered by § 2000a.").  Aside from the fact that the U.S. federal courthouse is neither a retail establishment nor a food market, it also strains credulity to suggest that the principal function of the courthouse is selling food for consumption on its premises.  Regardless, Plaintiffs' vending machine allegations are nowhere in their Amended Complaint, and "it is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss." *Skinner v. Gautreaux*, 549 F. Supp. 3d 493, 499 (M.D. La. 2021) (citation and internal quotation marks omitted).  So Plaintiffs' claims under 42 U.S.C. § 2000a should be dismissed.

Plaintiffs' remaining arguments are largely irrelevant to the issues raised in the Marshal Defendants' motion, which the United States otherwise re-urges.  In particular, Plaintiffs offer no compelling response to the Marshal Defendants' arguments that (a) Plaintiffs' *Bivens* claims raise

---

[11] *See* ECF No. 60-1, at 20-21.
[12] ECF No. 78, at 22-23.

a new context and are foreclosed by special factors; (b) courts have "routinely" recognized that "mask mandates do not violate a protected liberty interest," *Beasley v. Sch. Dist. Bd. of Educ. Iberia Par.*, No. 6:21-CV-03276, 2022 WL 807043, at *7 (W.D. La. Feb. 24, 2022), meaning that Plaintiffs cannot identify any clearly established violation of constitutional law to deprive the Marshal Defendants of qualified immunity; (c) Plaintiffs' claims under 42 U.S.C. § 1985 are foreclosed by Fifth Circuit precedent;[13] and (d) the Court lacks jurisdiction over Plaintiffs' state-law claims.

Because there's nothing else in the Amended Complaint from which Plaintiffs could obtain relief, their claims against the Marshal Defendants should be dismissed.

---

[13] *See Cantú v. Moody*, 933 F.3d 414, 419 (5th Cir. 2019); *Mack v. Alexander*, 575 F.2d 488, 489 (5th Cir. 1978). Plaintiffs' allegation that the Marshal Defendants have miscited *Horaist v. Doctor's Hospital of Opelousas*, 255 F.3d 261 (5th Cir. 2001), is wrong. ECF No. 78, at 17-18. There, the Fifth Circuit stated directly: "In this circuit, we require an allegation of a race-based conspiracy to present a claim under § 1985(3)." *Horaist*, 255 F.3d at 271 (citation and internal quotation marks omitted). Because the plaintiff in *Horaist* "alleged no racial animus," the Court held that "her claim fails . . . ." *Id.*

Baton Rouge, Louisiana, this 27th day of June, 2023.

UNITED STATES OF AMERICA, by

RONALD C. GATHE, JR.
UNITED STATES ATTORNEY


/s/ Chase E. Zachary
Katherine K. Green, LBN 29886
Chase E. Zachary, LBN 37366
Assistant United States Attorneys
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0685
E-mail: katherine.green@usdoj.gov
chase.zachary@usdoj.gov


## CERTIFICATE OF SERVICE

I certify that on June 27, 2023, I served a copy of the *Reply in Support of the United States of America's Rule 12(b)(1), (6) Motion to Dismiss Claims Against the Marshal Defendants* on the following individuals by U.S. mail:

| | | |
|---|---|---|
| Brandon A. Sibley | Howard G. Brown | Melanie Jerusalem |
| 17517 Cline Drive | 1344 Lakeridge Drive | 5130 Woodside Drive |
| Maurepas, LA 70449 | Baton Rouge, LA 70802 | Baton Rouge, LA 70808 |

Baton Rouge, Louisiana, this 27th day of June, 2023.

/s/ Chase E. Zachary
Chase E. Zachary, LBN 37366
Assistant United States Attorney