Brandon A. Sibley
17517 Cline Drive
Maurepas, LA 70449
Phone: (225) 369-7806
Fax: (985) 238-3818
Bsibley97@gmail.com

Howard G. Brown
1344 Lakeridge Drive
Baton Rouge, LA 70802
Phone: (504) 756-1987
Fax: (985) 238-3818
hgarybrown@gmail.com

Melanie Jerusalem
5130 Woodside Drive
Batton Rouge, LA 70808
Phone: 337-945-9008
jerusalemmelanie@yahoo.com

RECEIVED

JUN 30 2023

U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF LOUISIANA

HOWARD BROWN,                        )
BRANDON SIBLEY,                      )
      Plaintiffs,         )
V.                                   )   Case No. 3:23-CV-0024-SMHJ-CBW
UNITED STATES MARSHALS SERVICE,      )
ET AL.,                              )
      Defendants.         )

## MOTION FOR CLARIFICATION

COMES NOW, Plaintiff Melanie Jerusalem ("Plaintiff or Jerusalem") to ask this court and clerk for clarification on multiple topics regarding the administration of this case.

Documents 54, 59, and 62 are all 'Notices of a Motion Setting' for this case. The Plaintiffs would like to know who asked for these motion hearings to be set, or is it automatic in the Western District? The note in the description for each entry references one 'Evelyn Alexander,' whose voicemail claims that she is the Courtroom Deputy for Magistrate Judge Patrick J. Hanna in the Western District of Louisiana.

Judge Hicks' Courtroom Deputy is Kathy Keifer, and Magistrate Whitehurst's deputy is Paula Jordan. There is nothing in this case that would link Magistrate Hanna's courtroom deputy to this case.

Upon further investigation, it appears that Evelyn Alexander was promoted to 'ops' some time ago but has yet to change her voicemail. If, in fact, Ms. Alexander was promoted to ops then this would explain her name showing up in our docket. However, after speaking with an employee of the Western District Ops, it appears that motion setting is standard after receiving a 12(b) motion, but this doesn't explain Ms. Alexander's ability to change local rules.

**Local Rule 7.5** reads as follows:

If the respondent opposes a motion, he or she shall file a response, including opposing affidavits, memorandum, and such supporting documents as are then available, within 21 days after service of the motion. Memoranda shall contain a concise statement of reasons in opposition to the motion, and a citation of authorities upon which respondent relies. For good cause appearing therefor, a respondent may be required to file a response and supporting documents, including memoranda, within such shorter or longer period of time as the court may order at the discretion of the judge, or upon written ex parte motion served on all parties. Amended on December 1, 2009.

The Docket records three **(3)** motion setting notices by Clerk McConnell changing the local rule of twenty-one **(21)** day response to a fourteen **(14)** day response with a sur-reply allowed for the Defendant seven **(7)** days after Plaintiffs response.

Plaintiffs want to know who gave the order to change the local rules? Was it Ms. Alexander, Clerk McConnell or someone else? There are no entries or orders

recorded into the docket signed by Judge Hicks or Magistrate Whitehurst that would allow for the changing of local rules.

Clerk McConnell's name, the clerk in the Middle District, is at the bottom of each of these notices, as if he ordered or was asked to order the motion setting. Was a courtroom deputy employed to enter these things into the record as opposed to the clerk in the Middle District? Did Ms. Alexander act on orders from the judge? If so, where is the evidence? Did Clerk McConnell change the local rules on his own? Inquiring minds want to know.

Where is the documentation in the record as to who ordered these motion hearings that allowed for the local rules to be changed?

Plaintiff Brown filed documents 65 and 66 into the record that has questions for the clerk to answer because Clerk McConnell refuses to answer the phone or come to the window in service to the general public while Clerk's in other districts have no problem answering questions in person or over the phone.

Documents 75 and 76 are the answers to the questions posed in documents 65 and 66, and are answered on by Clerk, Tony Moore, of the Western District because, "since this case is assigned to judges in the Western District of Louisiana."

Plaintiff Brown asked in document 66 question 2, "The Clerk's aid on June 12, 2023, stated unequivocally in person to this Plaintiff and Plaintiff Sibley that the Clerk mailed copies of the notice talked about in question 1 of this letter to the

Plaintiffs on <u>June 23, 2023</u>; yet all three **(3)** Plaintiffs never received such notice in the mail, why?"

Further, no Plaintiffs received ANY mail notifications on ANY of the three **(3)** expedited Motion Hearings set.

Clerk Tony Moore, via his deputy Corey Whidden, answered Plaintiff Brown's question in Document 76 stating:

> "The Notice of Electronic Filing (Attachment D) for Document 54 indicates that the Notice of Motion Setting was "delivered by other means" to Plaintiffs Brandon Albert Sibley and Howard Gary Brown. The Clerk of Court for the Middle District of Louisiana employees <u>a program that automatically prints documents of this nature to a network printer which is then retrieved by court personnel and mailed out via the U.S. Postal Service</u> for those listed on the Notice of Electronic Filing as receiving them "by other means." The Clerk of Court notes that the third plaintiff, Melanie Jerusalem, who was added via the Amended Complaint (Doc. 22), did not begin receiving notices in this case until her first appearance, the filing of a "Reply Brief in Opposition to Doc. 50 Motion to Dismiss." (Doc. 61) At this point, questions regarding the delivery of the Notice of Motion Setting should be directed to the U.S. Postal Service."

So, Tony Moore, Western District Clerk, is responsible for answering questions posed by Plaintiffs about the administration of this case, yet Clerk McConnell's, Middle District Clerk, name is at the bottom of the motion settings and responsible for mailing notices to the Plaintiffs. How can Tony Moore answer questions about what happened in McConnell's office?

Plaintiffs file all documents for this case in the Middle District of Louisiana, and only upon special notice do they mail a courtesy copy to the judge in the western district.

This is all puzzling to the Plaintiffs, and it calls into question which clerk is responsible for the administration of this case. Plaintiffs would like clarification on this matter before proceeding.

Clerk McConnell may get away with denying in-person meetings to the Plaintiffs or even phone calls because of the unfounded 'dangerous' label his friends at the Marshal's service have placed upon the Plaintiffs; ordering armed guards to follow us into the Clerk's office while exercising our First Amendment right to redress the government for grievances via the court, but what is his excuse for not answering written questions?

If, in fact, the notices were mailed to the Plaintiffs and the United States Postal Service has failed to deliver the Plaintiffs nine **(9)** notices to three **(3)** different addresses then the Plaintiffs would like a certificate of service, signed by the clerk in the Middle District under penalty and perjury, stating what notices were mailed, when, and by whom.

Lastly, could the court provide detail of the court hierarchy?  Who or what is the ultimate authority of the Deputy Clerks and the Clerks of the Court regarding case administration? Is it the judge in the case, defendants, plaintiffs, public or corporate entity?

Is it not enough that the motion hearings cut the Plaintiff's response time by seven **(7)** days while allowing a sur-reply from all three **(3)** defense teams? This is

shameful and childish behavior and a complete distraction in this very important litigation.

**WHEREFORE** the Plaintiffs ask this court to clarify which Clerk is handling the administration of this case, what role Evelyn Alexander plays in the administration of this case, and enter and order for Clerk McConnell to answer the questions in documents 65 & 66 and be ordered to provide Plaintiffs with a certificate of service, signed under penalty and perjury, for all three **(3)** Motion Setting Notices that states who mailed the notices to the Plaintiffs, when they mailed them, and to which addresses they were mailed.

Respectfully Submitted,

Melanie Jerusalem, Pro se

## CERTIFICATE OF SERVICE

UNDER PENALTY OF PERJURY, I CERTIFY that a copy of the **above** was provided by regular U.S. mail to:

**US Attorney (Middle District)**
**Ronald C. Gathe, Jr.**
777 Florida Street
Suite 208
Baton Rouge, LA 70801

**Elizabeth Bailly Bloch**
4605 Bluebonnet Boulevard
Suite A
Baton Rouge, LA 70809

**US Attorney (Western District)**
**Brandon B. Brown**
800 Lafayette Street
Suite 2200
Lafayette, LA 70501

**Tom Stagg**
**United States Court House**
300 Fannin Street
Suite 5101
Shreveport, LA 71101

Respectfully Submitted,

Melanie Jerusalem, *Pro Se*

Jerusalem
5130 Woodside Dr.
Baton Rouge, LA.
70808

SCREENED BY
U.S. MARSHAL

Clerk McConnell
777 Florida St.
Room 139
Baton Rouge, LA
70801