UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BRANDON SIBLEY, ET AL.　　　　　　　　　CIVIL ACTION NO. 23-0024

VERSUS　　　　　　　　　　　　　　　　　JUDGE S. MAURICE HICKS, JR.

SHELLY D. DICK, ET AL.　　　　　　　　　MAGISTRATE JUDGE WHITEHURST

## ORDER

Before the Court is Plaintiff Melanie Jerusalem's ("Jerusalem") Motion for Clarification. See Record Document 84. Jerusalem asks the Court and the Clerk of Court for clarification on multiple topics regarding the administration of this case. See id. The motion is **GRANTED** to the extent that the Court is providing the information set forth below. The motion is **DENIED** in all other respects.

Even though Judge S. Maurice Hicks, Jr. and Magistrate Judge Carol B. Whitehurst of the Western District of Louisiana are assigned to this matter, this suit was filed in and continues to be a Middle District of Louisiana case. Therefore, the Clerk of Court (Michael L. McConnel) and his deputies for the Middle District of Louisiana are responsible for processing filings by the parties and case retention. However, considering the current judge assignments, any notice, order/judgment, or minutes of court for this case will be filed by the Clerk of Court (Tony R. Moore) or his deputies for the Western District of Louisiana. Data Quality Analyst Evelyn Alexander and Operations Manager Corey Kiper (formerly Whidden) are the primary Western District of Louisiana deputies assigned to this matter.

"Notice of Motion Settings" are standard practice for all Rule 12 motions and Rule 56 motions filed before Judge S. Maurice Hicks, Jr. Both the Local Rules for the Western District of Louisiana and the Middle District of Louisiana allow for the court to order a shorter time period to respond to motions. Such decision lies within the sound discretion

of the judge.  Judge Hicks' standard Notice of Motion Setting allows fourteen days for a response to be filed and seven days for a reply to be filed.  The Court routinely entertains motions for extensions of time relating to these deadlines.

Finally, as set forth in Record Document 76, further questions regarding the delivery of mail in this matter should be directed to the U.S. Postal Service.  Moreover, the Court believes this concern will be alleviated as to future filings because it has granted Plaintiffs permission to use the Court's electronic filing system.

Accordingly, based on the foregoing, the Motion for Clarification (Record Document 84) is **GRANTED IN PART AND DENIED IN PART**.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 28th day of July, 2023.

_____
United States District Judge