**Brandon A. Sibley**
17517 Cline Drive
Maurepas, LA 70449
Phone: (225) 369-7806
Fax: (985) 238-3818
Bsibley97@gmail.com

**Howard G. Brown**
1344 Lakeridge Drive
Baton Rouge, LA 70802
Phone: (504) 756-1987
Fax: (985) 238-3818
hgarybrown@gmail.com

**Melanie Jerusalem**
5130 Woodside Drive
Batton Rouge, LA 70808
Phone: 337-945-9008
jerusalemmelanie@yahoo.com

# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF LOUISIANA

HOWARD BROWN,                          )
BRANDON SIBLEY,                        )
    **Plaintiffs,**       )
V.                                     )  **Case No. 3:23-CV-0024-SMHJ-CBW**
UNITED STATES MARSHALS SERVICE,        )
ET AL.,                                )
    **Defendants.**       )

## OBJECTION TO CLARIFICATION ORDER (DOC. 88)

COMES NOW, Plaintiff Howard Brown ("Plaintiff or Brown") to object to the deficiencies in the order from Judge Hicks **(Doc. 88)** in response to Plaintiffs Motion for Clarification. **(Doc. 84)**

The Plaintiffs asked the court for clarification on multiple topics via their *Motion for Clarification*. **(Doc. 84)**

One such topic in need of clarifying is the change of local rules with no listed authority regarding the motion settings placed in the record by Clerk McConnell, the Court explains this away by stating that this is 'Standard Operation Procedure' for Judge Hicks' Courtroom, but the Western District **Local Rule 7.5** states as follows:

> *Response and Memorandum* If the respondent opposes a motion, he or she shall file a response, including opposing affidavits, memorandum, and such supporting documents as are then available, within <u>21 days</u>

1

after service of the motion. Memoranda shall contain a concise statement of reasons in opposition to the motion, and a citation of authorities upon which respondent relies. For good cause appearing therefor, a respondent may be required to file a response and supporting documents, including memoranda, within such shorter or longer period of time as the court may order at the discretion of the judge, or upon written ex parte motion served on all parties. Amended on December 1, 2009.

And the Middle District **Local Rule 7(f)** states this:

*Response and Memorandum*. Each respondent opposing a motion shall file a response, including opposing affidavits, and such supporting documents as are then available, within twenty-one days after service of the motion. Memoranda shall contain a concise statement of reasons in opposition to the motion and a citation of authorities upon which the respondent relies. Memoranda must also include appropriate citations to direct the Court to specific references within cited supporting material (e.g., Ex. 1 – Plaintiff Depo, p.5, ll. 8-10 or Rec. Doc. 1 – Complaint, p.3, ¶22). For good cause appearing therefor, a respondent may be required to file a response and supporting documents, including memoranda, within such shorter or longer period of time as the Court may order. Reply memoranda may be filed without leave of Court in Rule 12 and Rule 56 motions only. Any such reply memoranda

2

shall be filed within fourteen days after service of the response to the motion. Leave of court must be obtained to file sur-replies in Rule 12 and Rule 56 motions. <u>Leave of court must be obtained to file reply and sur-reply memoranda in all other motions not listed</u>.

The 'Standard' policy of the court should be laid out in its local rules and not subject to change without an order from the Judge or Court and, if changed, certainly would be subject to notice all parties; specifically the Plaintiffs, via US Mail, who were not allowed to receive electronic notifications as of the filing of these notices from the Court. However, Plaintiffs believe that no notices were sent, as none were received, and the Court refuses to the direct the Plaintiffs' Public Servant to confirm that he did his job as there is no discernable proof that these notices were mailed to the Plaintiffs.

Taking Judge Hicks at his word, it is impossible for the Plaintiffs to know that Judge Hicks' Standard Procedures deviate from the Local Rules; and thereby would not know when responses are due without proper notification from the Court and Clerk.

Plaintiffs are further confused by Judge Hicks' order that seems to contradict the reality reflected in the docket or Judge Hicks has lost control over his court room. Since the court has refused to definitively clarify which Clerk is ultimately responsible for the administration of this case, Plaintiffs are now seemingly subject to the local rules of two **(2)** different courts which is both ambiguous and confusing.

This necessarily prejudices the Plaintiffs' case, delays the proceedings, increases the cost of litigation; and ultimately, adds the Court to the list of discriminators inflicting discrimination upon the Plaintiffs in the Middle District of Louisiana.

Both local rules state a twenty-one **(21)** day response time for replies, unless shortened by the discretion of the Judge and Ordered by the Court and sur-replies for Rule 12 Motions must obtain leave of the court to do so in the Middle District.

Both local rules stipulate that a fourteen **(14)** day window can be ordered, by the Court, for response times in Rule 12 Motions, but documentation on the docket is required of this change, as is good cause shown, with notice to all parties, and further: neither of the local rules allow for sur-replies without leave of the court.

There is no documentation in the record that the Judge or Court ordered the change in local rules to shorten response times, no verifiable notice to any of the Plaintiffs, nor is there any evidence that points to the permission or leave of the court for sur-replies, and Judge Hicks order **(Doc. 88)** while claiming to be clarifying everything has done nothing but muddy the water.

Judge Hicks' states in his order **(Doc, 88),** "Therefore, the Clerk of Court (Michael L. McConnel) and his deputies for the Middle District of Louisiana are responsible for processing filings by the parties and case retention. However, considering the current judge assignments, any notice, order/judgment, or minutes of court for this case will be filed by the Clerk of Court (Tony R. Moore) or his deputies for the Western District of Louisiana," yet Documents 54, 59, and 62;

which have all been followed by all Defense Counsels, the Court, the Clerk, and the Plaintiffs; are all notices of motion settings with Clerk McConnell's name stamped at the bottom. Plaintiffs do not see Judge Hicks' order in practice.

Further, the Western District Clerk's Office **(Doc. 76),** when answering Plaintiff Brown's submitted questions, suggests that it was the Middle District Clerk that was responsible for mailing the notices to the Plaintiffs by stating, "The Notice of Electronic Filing (Attachment D) for Document 54 indicates that the Notice of Motion Setting was "delivered by other means" to Plaintiffs Brandon Albert Sibley and Howard Gary Brown. The Clerk of Court for the Middle District of Louisiana employees a program that automatically prints documents of this nature to a network printer which is then retrieved by court personnel and mailed out via the U.S. Postal Service for those listed on the Notice of Electronic Filing as receiving them "by other means."

Plaintiffs seek answers to simple questions and have used precise and concise language, as is used by those seeking the truth, in posing these questions to the clerk and the court but have received nothing but ambiguous and circular language in response, which is typically associated with the intention to obfuscate or deceive.

The Court says one thing while the Clerks do another; all while the administration of justice is being impeded and litigation time and costs skyrocket for the Plaintiffs.

Plaintiffs have now been told by **(1)** the Western District Clerk's Office, **(2)** the Court, and **(3)** the Middle District Clerk's Office that proper notices were mailed

to the Plaintiffs regarding these above-mentioned hearings, yet none have been received and the Clerk refuses to answer any questions. Further, the Court has now refused to order the Clerk to answer any questions, nor produce a certificate of service for the mailings – instead all responsible parties, point to the United States Postal Service for blame in the loss of, at least, nine **(9)** separate mailings to three **(3)** different addresses. A near impossibility.

Further, IF the local rules were changed by the Court then Plaintiffs need to be directed to where the 'good cause' for the rules change is written in the record as is required by BOTH sets of local rules that we are apparently now operating under.

Respectfully Submitted,

_____

**s/Howard G. Brown,** *Pro Se*
1344 Lakeridge Drive
Baton Rouge, LA 70802
(504)756-1987
hgarybrown@gmail.com

## CERTIFICATE OF SERVICE

UNDER PENALTY OF PERJURY, I CERTIFY that on July 31st, 2023, a copy of the **above** was provided by electronic service to:


**US Attorney (Middle District)**
**Ronald C. Gathe, Jr.**
777 Florida Street
Suite 208
Baton Rouge, LA 70801

**Elizabeth Bailly Bloch**
4605 Bluebonnet Boulevard
Suite A
Baton Rouge, LA 70809

**US Attorney (Western District)**
**Brandon B. Brown**
800 Lafayette Street
Suite 2200
Lafayette, LA 70501

**Justin Furrow & Nathan Kinard**
**Chambliss, Bahner & Stophel, P.C**.
605 Chestnut Street, Suite 1700
Chattanooga, TN 37450

Respectfully Submitted,


_____
s/Howard Brown *Pro Se*