UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BRANDON ALBERT SIBLEY, et al. | CIVIL ACTION |
| VERSUS | NO. 23-24-SMH-CBW |
| SHELLY D. DICK, et al. | |

### THE MARSHAL DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

The plaintiffs' *Motion for Summary Judgment*, ECF No. 116, requires only a cursory response. While it is true that "summary judgment is about evidence," *Johnson v. Cooper T. Smith Stevedoring Co.*, 74 F.4th 268, 275 (5th Cir. 2023), "it is *also* about argument," *Jordan v. City of Plaquemine*, No. 21-459-BAJ-SDJ, 2023 WL 8791682, at *4 (M.D. La. Dec. 19, 2023) (emphasis in original). In this matter, Plaintiffs Howard Brown, Brandon Sibley, and Melanie Jerusalem have asserted a panoply of constitutional, federal, and state law claims against the Marshal Defendants,[1] including: (a) claims under *Bivens* for alleged violations of the First, Fourth, Fifth, Ninth, and Fourteenth Amendments of the U.S. Constitution;[2] (b) claims under 42 U.S.C. § 1985;[3] (c) claims for common law conspiracy;[4] (d) claims for denial of service and discrimination at a place of public accommodation;[5] and (e) claims for negligent infliction of emotional distress.[6] So

---

[1] The "Marshal Defendants" refers to the following parties: United States Marshals Service; United States Marshal William Brown, in his official and individual capacities; Deputy United States Marshal Jeff Bowie, in his official and individual capacities; Supervisory Deputy United States Marshal Michael Attaway, in his official and individual capacities; Attorney General Merrick B. Garland, in his official capacity; and Director Ronald L. Davis of the United States Marshals Service, in his official capacity.
[2] Am. Compl. ¶¶ 137-152, ECF No. 22.
[3] *Id.* ¶¶ 153-164.
[4] *Id.* ¶¶ 165-171.
[5] *Id.* ¶¶ 172-177.
[6] *Id.* ¶¶ 178-182.

one would expect that the plaintiffs' *Motion for Summary Judgment* would include evidence and argument demonstrating why the Marshal Defendants are liable as a matter of law to the plaintiffs for these claims.

They don't. Rather, the plaintiffs devote the entirety of their *Memorandum in Support of Summary Judgment*, ECF No. 116-1, to two issues that the Marshal Defendants have not raised and that do not provide the plaintiffs with any affirmative relief. First, the plaintiffs assert that the Marshal Defendants cannot claim immunity under the Public Readiness and Emergency Preparedness (PREP) Act. ECF No. 116-1, at 1-3, 10-11. But the Marshal Defendants have not invoked PREP Act immunity in this case, and the plaintiffs provide no authority for the suggestion that the PREP Act preempts or subsumes the Marshal Defendants' defenses of qualified immunity and Westfall Act immunity.[7] Further, "[t]he PREP Act is, at its core, an immunity statute. It does not create a federal cause of action or any rights, duties, or obligations." *Elliot v. Care Inn of Edna LLC*, No. 3:20-CV-3185-S, 2021 WL 2688600, at *3 (N.D. Tex. June 30, 2021).[8] So the PREP Act does not provide the plaintiffs with any viable claim against the Marshal Defendants.

Second, the plaintiffs devote nearly five (5) pages of their supporting memorandum attempting to rebut other defendants' invocation of judicial immunity. ECF No. 116-1, at 3-8. But the Marshal Defendants have not yet asserted judicial immunity in this case.[9] And in any event,

---

[7] With regard to the Westfall Act, the plaintiffs quote 28 U.S.C. § 2679(b)(2), which confirms that the Westfall Act does not apply to claims against federal employees "for a violation of the Constitution of the United States," such as a *Bivens* claim. But the Marshal Defendants have only invoked the Westfall Act in response to the plaintiffs' state-law tort claims, not any constitutional claims. So it's unclear what point the plaintiffs are attempting to make regarding this provision.

[8] The PREP Act does create a narrow, inapplicable cause of action in federal court "for death or serious physical injury proximately caused by willful misconduct . . . ." 42 U.S.C. § 247d-6d(d)(1). However, such claims "shall be filed and maintained only in the United States District Court for the District of Columbia," *id.* § 247d-6d(e)(1), meaning that venue in this court would be improper. And exhaustion of administrative remedies is also required, *id.* § 247d-6e(d)(1), which the plaintiffs have not shown.

[9] Nor have the Marshal Defendants been required to do so. Under Rule 12(a)(4) of the Federal Rules of Civil Procedure, the Marshal Defendants need not file a responsive pleading to the plaintiffs' *Amended Complaint* until the Court resolves their pending motion to dismiss, ECF No. 60.

2

"[j]udicial immunity is an affirmative defense," not a cause of action. *Dillenberg v. Watts*, No. 4:20-CV-00458-SDJ-CAN, 2021 WL 2906069, at *7 n.16 (E.D. Tex. June 18, 2021); *see also Boyd v. Carroll*, 624 F.2d 730, 732-33 (5th Cir. 1980). So the plaintiffs' arguments on this issue do nothing to establish that they are entitled to judgment against the Marshal Defendants as a matter of law on any of their claims, as required for summary judgment under Rule 56(a).

"[T]his Court has repeatedly admonished that it will not speculate on arguments that have not been advanced, or attempt to develop arguments on a party's behalf." *Buchicchio v. LeBlanc*, 656 F. Supp. 3d 643, 660 n.6 (M.D. La. 2023). Because the plaintiffs present no other relevant arguments in their *Memorandum in Support of Summary Judgment*, that principle is applicable here. The plaintiffs' motion should be denied.

Baton Rouge, Louisiana, this 31st day of January, 2024.

UNITED STATES OF AMERICA, by

RONALD C. GATHE, JR.
UNITED STATES ATTORNEY

/s/ Chase E. Zachary
Katherine K. Green, LBN 29886
Chase E. Zachary, LBN 37366
Assistant United States Attorneys
777 Florida Street, Suite 208
Baton Rouge, Louisiana  70801
Telephone: (225) 389-0443
Fax: (225) 389-0685
E-mail:  katherine.green@usdoj.gov
             chase.zachary@usdoj.gov

## **CERTIFICATE OF SERVICE**

I certify that on January 31, 2024, I served a copy of *The Marshal Defendants' Response in Opposition to Plaintiffs' Motion for Summary Judgment* on the following individuals by U.S. mail:

| | | |
|---|---|---|
| Brandon A. Sibley | Howard G. Brown | Melanie Jerusalem |
| 17517 Cline Drive | 1003 W. Michigan Drive | 5130 Woodside Drive |
| Maurepas, LA  70449 | Hammond, LA 70401 | Baton Rouge, LA 70808 |

Baton Rouge, Louisiana, this 31st day of January, 2024.

/s/ Chase E. Zachary
Chase E. Zachary, LBN 37366
Assistant United States Attorney

4