UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**BRANDON ALBERT SIBLEY, et al.**                      CIVIL ACTION

**VERSUS**                                             NO. 23-24-SMH-CBW

**SHELLY D. DICK, et al.**

---

**THE MARSHAL DEFENDANTS' LOCAL CIVIL RULE 56(c) OPPOSING
STATEMENT OF MATERIAL FACTS**

---

Pursuant to Local Civil Rule 56(c), the Marshal Defendants submit this *Opposing Statement of Material Facts* in response to the plaintiffs' *Statement of Material Facts* for their *Motion for Summary Judgment*, ECF No. 116.

1.      Denied.  Chief Judge Shelly D. Dick issued Administrative Order No. 2020-8 on June 30, 2020, Administrative Order No. 2021-5 on July 22, 2021, and Administrative Order No. 2022-3 on March 15, 2022.  *See* Orders, U.S. District Court for the Middle District of Louisiana, https://www.lamd.uscourts.gov/orders-public (last visited Jan. 19, 2024).  However, all masking and vaccination requirements for entry into the federal courthouse in Baton Rouge, Louisiana, were rescinded through Administrative Order No. 2023-2, issued on March 29, 2023.  *See* Administrative Order No. 2023-2, https://www.lamd.uscourts.gov/orders/public_orders/AO%202023-2.pdf (last visited Jan. 19, 2024).  Administrative Order Nos. 2020-8, 2021-5, and 2022-3 were therefore each in effect for less than three years.

The Marshal Defendants also object that this alleged fact is immaterial to the arguments in the plaintiffs' *Motion for Summary Judgment* and should be stricken.  The only non-conclusory assertions in the plaintiffs' motion are (1) that the Public Readiness and Emergency Preparedness (PREP) Act does not provide any defendant with immunity in this lawsuit, ECF No. 116-1, at 2-

3, 10-11, and (2) that the defendants are not entitled to judicial immunity, *id.* at 3-8.  However, the Marshal Defendants have not yet asserted either PREP Act immunity or judicial immunity, so the time period during which the Court's administrative orders were in effect has no bearing on whether the plaintiffs are entitled to judgment against the Marshal Defendants as a matter of law on these issues.

2.      Denied.  The Marshal Defendants object that the plaintiffs improperly assert a conclusion of law—i.e., whether the Marshal Defendants "violated Plaintiffs' constitutionally secured rights"—as an alleged statement of fact, and this alleged fact should therefore be stricken. *Cf. Harvey v. United States*, No. 15-819-JJB-EWD, 2017 WL 5347592, at *2 (M.D. La. Nov. 13, 2017) (stating that, when assertions in support of a motion for summary judgment "call for legal conclusions[,] . . . they are not facts for summary judgment purposes").  Regardless, the only non-conclusory assertions in the plaintiffs' motion are (1) that the Public Readiness and Emergency Preparedness (PREP) Act does not provide any defendant with immunity in this lawsuit, ECF No. 116-1, at 2-3, 10-11, and (2) that the defendants are not entitled to judicial immunity, *id.* at 3-8. However, the Marshal Defendants have not yet asserted either PREP Act immunity or judicial immunity, so any factual allegations regarding whether the Marshal Defendants permitted the plaintiffs to enter the federal courthouse in Baton Rouge, Louisiana, have no bearing on whether the plaintiffs are entitled to judgment against the Marshal Defendants as a matter of law on these issues.

3.      Denied.  The Marshal Defendants object that this alleged fact is immaterial to the arguments in the plaintiffs' *Motion for Summary Judgment* and should be stricken.  The only non-conclusory assertions in the plaintiffs' motion are (1) that the Public Readiness and Emergency Preparedness (PREP) Act does not provide any defendant with immunity in this lawsuit, ECF No.

116-1, at 2-3, 10-11, and (2) that the defendants are not entitled to judicial immunity, *id.* at 3-8. However, the Marshal Defendants have not yet asserted either PREP Act immunity or judicial immunity, so the alleged impersonation of Walden Security personnel as U.S. Marshals has no bearing on whether the plaintiffs are entitled to judgment against the Marshal Defendants as a matter of law on these issues.

The Marshal Defendants further object that this alleged fact is not "supported by a record citation" as required under Local Civil Rule 56(b)(1), (f).

4.     Denied.  The Marshal Defendants object that this alleged fact is immaterial to the arguments in the plaintiffs' *Motion for Summary Judgment* and should be stricken.  The only non-conclusory assertions in the plaintiffs' motion are (1) that the Public Readiness and Emergency Preparedness (PREP) Act does not provide any defendant with immunity in this lawsuit, ECF No. 116-1, at 2-3, 10-11, and (2) that the defendants are not entitled to judicial immunity, *id.* at 3-8. However, the Marshal Defendants have not yet asserted either PREP Act immunity or judicial immunity, so the alleged acts by Supervisory Deputy United States Marshal Michael Attaway have no bearing on whether the plaintiffs are entitled to judgment against the Marshal Defendants as a matter of law on these issues.

The Marshal Defendants further object that this alleged fact is not "supported by a record citation" as required under Local Civil Rule 56(b)(1), (f).

5.     Denied.  The Marshal Defendants object that the plaintiffs improperly assert a conclusion of law—i.e., whether the Marshal Defendants "participated in discriminating against Plaintiffs attempting to redress their government for grievances"—as an alleged statement of fact, and this alleged fact should therefore be stricken.  *Cf. Harvey v. United States*, No. 15-819-JJB-EWD, 2017 WL 5347592, at *2 (M.D. La. Nov. 13, 2017) (stating that, when assertions in support

3

of a motion for summary judgment "call for legal conclusions[,] . . . they are not facts for summary judgment purposes").  Regardless, the only non-conclusory assertions in the plaintiffs' motion are (1) that the Public Readiness and Emergency Preparedness (PREP) Act does not provide any defendant with immunity in this lawsuit, ECF No. 116-1, at 2-3, 10-11, and (2) that the defendants are not entitled to judicial immunity, *id.* at 3-8.  However, the Marshal Defendants have not yet asserted either PREP Act immunity or judicial immunity, so any factual allegations regarding alleged discrimination against the plaintiffs have no bearing on whether the plaintiffs are entitled to judgment against the Marshal Defendants as a matter of law on these issues.

      6.    Denied.  The Marshal Defendants object that this statement is not an allegation of fact because it is not a grammatically complete sentence, and it is therefore unclear what assertion the plaintiffs intend to convey against the Marshal Defendants in support of their *Motion for Summary Judgment*.  This statement should therefore be stricken.  Regardless, the only non-conclusory assertions in the plaintiffs' motion are (1) that the Public Readiness and Emergency Preparedness (PREP) Act does not provide any defendant with immunity in this lawsuit, ECF No. 116-1, at 2-3, 10-11, and (2) that the defendants are not entitled to judicial immunity, *id.* at 3-8. However, the Marshal Defendants have not yet asserted either PREP Act immunity or judicial immunity, so any factual allegations regarding "forced use of EUA (Mask and/or Covid Vaccine) products" have no bearing on whether the plaintiffs are entitled to judgment against the Marshal Defendants as a matter of law on these issues.

      The Marshal Defendants further object that this alleged fact is not "supported by a record citation" as required under Local Civil Rule 56(b)(1), (f).

      7.    Denied.  The Marshal Defendants object that the plaintiffs improperly assert a conclusion of law—i.e., whether the Marshal Defendants "violated the **1974 Privacy Act**"—as an

alleged statement of fact, and this alleged fact should therefore be stricken. *Cf. Harvey v. United States*, No. 15-819-JJB-EWD, 2017 WL 5347592, at *2 (M.D. La. Nov. 13, 2017) (stating that, when assertions in support of a motion for summary judgment "call for legal conclusions[,] . . . they are not facts for summary judgment purposes"). Regardless, the only non-conclusory assertions in the plaintiffs' motion are (1) that the Public Readiness and Emergency Preparedness (PREP) Act does not provide any defendant with immunity in this lawsuit, ECF No. 116-1, at 2-3, 10-11, and (2) that the defendants are not entitled to judicial immunity, *id.* at 3-8. However, the Marshal Defendants have not yet asserted either PREP Act immunity or judicial immunity, so any factual allegations regarding the Privacy Act have no bearing on whether the plaintiffs are entitled to judgment against the Marshal Defendants as a matter of law on these issues.

The Marshal Defendants further object that this alleged fact is not "supported by a record citation" as required under Local Civil Rule 56(b)(1), (f).

8.      Denied.  The Marshal Defendants object that the plaintiffs improperly assert a conclusion of law—i.e., whether the Marshal Defendants "violated Plaintiffs' Fourth Amendment rights"—as an alleged statement of fact, and this alleged fact should therefore be stricken. *Cf. Harvey v. United States*, No. 15-819-JJB-EWD, 2017 WL 5347592, at *2 (M.D. La. Nov. 13, 2017) (stating that, when assertions in support of a motion for summary judgment "call for legal conclusions[,] . . . they are not facts for summary judgment purposes"). Regardless, the only non-conclusory assertions in the plaintiffs' motion are (1) that the Public Readiness and Emergency Preparedness (PREP) Act does not provide any defendant with immunity in this lawsuit, ECF No. 116-1, at 2-3, 10-11, and (2) that the defendants are not entitled to judicial immunity, *id.* at 3-8. However, the Marshal Defendants have not yet asserted either PREP Act immunity or judicial

immunity, so any factual allegations regarding the Fourth Amendment have no bearing on whether the plaintiffs are entitled to judgment against the Marshal Defendants as a matter of law on these issues.

The Marshal Defendants further object that this alleged fact is not "supported by a record citation" as required under Local Civil Rule 56(b)(1), (f).

9.    Denied.  The Marshal Defendants object that the plaintiffs improperly assert a conclusion of law—i.e., whether the Marshal Defendants "violated Plaintiffs' Fifth Amendment rights"—as an alleged statement of fact, and this alleged fact should therefore be stricken. *Cf. Harvey v. United States*, No. 15-819-JJB-EWD, 2017 WL 5347592, at *2 (M.D. La. Nov. 13, 2017) (stating that, when assertions in support of a motion for summary judgment "call for legal conclusions[,] . . . they are not facts for summary judgment purposes").  Regardless, the only non-conclusory assertions in the plaintiffs' motion are (1) that the Public Readiness and Emergency Preparedness (PREP) Act does not provide any defendant with immunity in this lawsuit, ECF No. 116-1, at 2-3, 10-11, and (2) that the defendants are not entitled to judicial immunity, *id.* at 3-8. However, the Marshal Defendants have not yet asserted either PREP Act immunity or judicial immunity, so any factual allegations regarding the Fifth Amendment have no bearing on whether the plaintiffs are entitled to judgment against the Marshal Defendants as a matter of law on these issues.

The Marshal Defendants further object that this alleged fact is not "supported by a record citation" as required under Local Civil Rule 56(b)(1), (f).

10.    Denied.  The Marshal Defendants object that the plaintiffs improperly assert a conclusion of law—i.e., whether the Marshal Defendants "violated Plaintiffs' Ninth Amendment rights"—as an alleged statement of fact, and this alleged fact should therefore be stricken.

*Cf. Harvey v. United States*, No. 15-819-JJB-EWD, 2017 WL 5347592, at *2 (M.D. La. Nov. 13, 2017) (stating that, when assertions in support of a motion for summary judgment "call for legal conclusions[,] . . . they are not facts for summary judgment purposes").  Regardless, the only non-conclusory assertions in the plaintiffs' motion are (1) that the Public Readiness and Emergency Preparedness (PREP) Act does not provide any defendant with immunity in this lawsuit, ECF No. 116-1, at 2-3, 10-11, and (2) that the defendants are not entitled to judicial immunity, *id.* at 3-8. However, the Marshal Defendants have not yet asserted either PREP Act immunity or judicial immunity, so any factual allegations regarding the Ninth Amendment have no bearing on whether the plaintiffs are entitled to judgment against the Marshal Defendants as a matter of law on these issues.

The Marshal Defendants further object that this alleged fact is not "supported by a record citation" as required under Local Civil Rule 56(b)(1), (f).

11.    Denied.  The Marshal Defendants object that the plaintiffs improperly assert a conclusion of law—i.e., whether the Marshal Defendants "violated Plaintiffs' Fourteenth Amendment rights"—as an alleged statement of fact, and this alleged fact should therefore be stricken.  *Cf. Harvey v. United States*, No. 15-819-JJB-EWD, 2017 WL 5347592, at *2 (M.D. La. Nov. 13, 2017) (stating that, when assertions in support of a motion for summary judgment "call for legal conclusions[,] . . . they are not facts for summary judgment purposes").  Regardless, the only non-conclusory assertions in the plaintiffs' motion are (1) that the Public Readiness and Emergency Preparedness (PREP) Act does not provide any defendant with immunity in this lawsuit, ECF No. 116-1, at 2-3, 10-11, and (2) that the defendants are not entitled to judicial immunity, *id.* at 3-8.  However, the Marshal Defendants have not yet asserted either PREP Act immunity or judicial immunity, so any factual allegations regarding the Fourteenth Amendment

have no bearing on whether the plaintiffs are entitled to judgment against the Marshal Defendants as a matter of law on these issues.

The Marshal Defendants further object that this alleged fact is not "supported by a record citation" as required under Local Civil Rule 56(b)(1), (f).

12.     Denied.  The Marshal Defendants object that the plaintiffs improperly assert a conclusion of law—i.e., whether the Marshal Defendants "violated 42 U.S.C. § 1985"—as an alleged statement of fact, and this alleged fact should therefore be stricken.  *Cf. Harvey v. United States*, No. 15-819-JJB-EWD, 2017 WL 5347592, at *2 (M.D. La. Nov. 13, 2017) (stating that, when assertions in support of a motion for summary judgment "call for legal conclusions[,] . . . they are not facts for summary judgment purposes").  Regardless, the only non-conclusory assertions in the plaintiffs' motion are (1) that the Public Readiness and Emergency Preparedness (PREP) Act does not provide any defendant with immunity in this lawsuit, ECF No. 116-1, at 2-3, 10-11, and (2) that the defendants are not entitled to judicial immunity, *id.* at 3-8. However, the Marshal Defendants have not yet asserted either PREP Act immunity or judicial immunity, so any factual allegations regarding 42 U.S.C. § 1985 have no bearing on whether the plaintiffs are entitled to judgment against the Marshal Defendants as a matter of law on these issues.

The Marshal Defendants further object that this alleged fact is not "supported by a record citation" as required under Local Civil Rule 56(b)(1), (f).

13.     Denied.  The Marshal Defendants object that the plaintiffs improperly assert a conclusion of law—i.e., whether the Marshal Defendants "engaged in a conspiracy to violate rights"—as an alleged statement of fact, and this alleged fact should therefore be stricken. *Cf. Harvey v. United States*, No. 15-819-JJB-EWD, 2017 WL 5347592, at *2 (M.D. La. Nov. 13,

2017) (stating that, when assertions in support of a motion for summary judgment "call for legal conclusions[,] . . . they are not facts for summary judgment purposes").  Regardless, the only non-conclusory assertions in the plaintiffs' motion are (1) that the Public Readiness and Emergency Preparedness (PREP) Act does not provide any defendant with immunity in this lawsuit, ECF No. 116-1, at 2-3, 10-11, and (2) that the defendants are not entitled to judicial immunity, *id.* at 3-8. However, the Marshal Defendants have not yet asserted either PREP Act immunity or judicial immunity, so any factual allegations regarding an undefined conspiracy have no bearing on whether the plaintiffs are entitled to judgment against the Marshal Defendants as a matter of law on these issues.

The Marshal Defendants further object that this alleged fact is not "supported by a record citation" as required under Local Civil Rule 56(b)(1), (f).

14.    Denied.  The Marshal Defendants object that the plaintiffs improperly assert a conclusion of law—i.e., whether the Marshal Defendants "denied service at a place of public accommodation based on Plaintiffs' religious beliefs"—as an alleged statement of fact, and this alleged fact should therefore be stricken. *Cf. Harvey v. United States*, No. 15-819-JJB-EWD, 2017 WL 5347592, at *2 (M.D. La. Nov. 13, 2017) (stating that, when assertions in support of a motion for summary judgment "call for legal conclusions[,] . . . they are not facts for summary judgment purposes").  Regardless, the only non-conclusory assertions in the plaintiffs' motion are (1) that the Public Readiness and Emergency Preparedness (PREP) Act does not provide any defendant with immunity in this lawsuit, ECF No. 116-1, at 2-3, 10-11, and (2) that the defendants are not entitled to judicial immunity, *id.* at 3-8.  However, the Marshal Defendants have not yet asserted either PREP Act immunity or judicial immunity, so any factual allegations regarding public

accommodations have no bearing on whether the plaintiffs are entitled to judgment against the Marshal Defendants as a matter of law on these issues.

The Marshal Defendants further object that this alleged fact is not "supported by a record citation" as required under Local Civil Rule 56(b)(1), (f).

15.    Denied.  The Marshal Defendants object that the plaintiffs improperly assert a conclusion of law—i.e., whether the Marshal Defendants "engaged in a conspiracy to negligently inflict emotional stress"—as an alleged statement of fact, and this alleged fact should therefore be stricken.  *Cf. Harvey v. United States*, No. 15-819-JJB-EWD, 2017 WL 5347592, at *2 (M.D. La. Nov. 13, 2017) (stating that, when assertions in support of a motion for summary judgment "call for legal conclusions[,] . . . they are not facts for summary judgment purposes").  Regardless, the only non-conclusory assertions in the plaintiffs' motion are (1) that the Public Readiness and Emergency Preparedness (PREP) Act does not provide any defendant with immunity in this lawsuit, ECF No. 116-1, at 2-3, 10-11, and (2) that the defendants are not entitled to judicial immunity, *id.* at 3-8.  However, the Marshal Defendants have not yet asserted either PREP Act immunity or judicial immunity, so any factual allegations regarding an undefined "conspiracy to negligently inflict emotional stress" have no bearing on whether the plaintiffs are entitled to judgment against the Marshal Defendants as a matter of law on these issues.

The Marshal Defendants further object that this alleged fact is not "supported by a record citation" as required under Local Civil Rule 56(b)(1), (f).

16.    Denied.  The Marshal Defendants object that the plaintiffs improperly assert a conclusion of law—i.e., whether the Marshal Defendants "violated Article 1 of the Louisiana constitution"—as an alleged statement of fact, and this alleged fact should therefore be stricken. *Cf. Harvey v. United States*, No. 15-819-JJB-EWD, 2017 WL 5347592, at *2 (M.D. La. Nov. 13,

2017) (stating that, when assertions in support of a motion for summary judgment "call for legal conclusions[,] . . . they are not facts for summary judgment purposes").  Regardless, the only non-conclusory assertions in the plaintiffs' motion are (1) that the Public Readiness and Emergency Preparedness (PREP) Act does not provide any defendant with immunity in this lawsuit, ECF No. 116-1, at 2-3, 10-11, and (2) that the defendants are not entitled to judicial immunity, *id.* at 3-8. However, the Marshal Defendants have not yet asserted either PREP Act immunity or judicial immunity, so any factual allegations regarding the Louisiana Constitution have no bearing on whether the plaintiffs are entitled to judgment against the Marshal Defendants as a matter of law on these issues.

The Marshal Defendants further object that this alleged fact is not "supported by a record citation" as required under Local Civil Rule 56(b)(1), (f).

17.    Denied.  The Marshal Defendants object that the plaintiffs improperly assert a conclusion of law—i.e., whether the Marshal Defendants "violated *Article 2 of the Louisiana constitution*"—as an alleged statement of fact, and this alleged fact should therefore be stricken. *Cf. Harvey v. United States*, No. 15-819-JJB-EWD, 2017 WL 5347592, at *2 (M.D. La. Nov. 13, 2017) (stating that, when assertions in support of a motion for summary judgment "call for legal conclusions[,] . . . they are not facts for summary judgment purposes").  Regardless, the only non-conclusory assertions in the plaintiffs' motion are (1) that the Public Readiness and Emergency Preparedness (PREP) Act does not provide any defendant with immunity in this lawsuit, ECF No. 116-1, at 2-3, 10-11, and (2) that the defendants are not entitled to judicial immunity, *id.* at 3-8. However, the Marshal Defendants have not yet asserted either PREP Act immunity or judicial immunity, so any factual allegations regarding the Louisiana Constitution have no bearing on

whether the plaintiffs are entitled to judgment against the Marshal Defendants as a matter of law on these issues.

The Marshal Defendants further object that this alleged fact is not "supported by a record citation" as required under Local Civil Rule 56(b)(1), (f).

18.     Denied.   The Marshal Defendants object that the plaintiffs improperly assert a conclusion of law—i.e., whether the Marshal Defendants "violated *Article 3 of the Louisiana constitution*"—as an alleged statement of fact, and this alleged fact should therefore be stricken. *Cf. Harvey v. United States*, No. 15-819-JJB-EWD, 2017 WL 5347592, at *2 (M.D. La. Nov. 13, 2017) (stating that, when assertions in support of a motion for summary judgment "call for legal conclusions[,] . . . they are not facts for summary judgment purposes").   Regardless, the only non-conclusory assertions in the plaintiffs' motion are (1) that the Public Readiness and Emergency Preparedness (PREP) Act does not provide any defendant with immunity in this lawsuit, ECF No. 116-1, at 2-3, 10-11, and (2) that the defendants are not entitled to judicial immunity, *id.* at 3-8. However, the Marshal Defendants have not yet asserted either PREP Act immunity or judicial immunity, so any factual allegations regarding the Louisiana Constitution have no bearing on whether the plaintiffs are entitled to judgment against the Marshal Defendants as a matter of law on these issues.

The Marshal Defendants further object that this alleged fact is not "supported by a record citation" as required under Local Civil Rule 56(b)(1), (f).

19.     Denied.   The Marshal Defendants object that the plaintiffs improperly assert a conclusion of law—i.e., whether the Marshal Defendants "violated *Article 4 of the Louisiana constitution*"—as an alleged statement of fact, and this alleged fact should therefore be stricken. *Cf. Harvey v. United States*, No. 15-819-JJB-EWD, 2017 WL 5347592, at *2 (M.D. La. Nov. 13,

2017) (stating that, when assertions in support of a motion for summary judgment "call for legal conclusions[,] . . . they are not facts for summary judgment purposes").  Regardless, the only non-conclusory assertions in the plaintiffs' motion are (1) that the Public Readiness and Emergency Preparedness (PREP) Act does not provide any defendant with immunity in this lawsuit, ECF No. 116-1, at 2-3, 10-11, and (2) that the defendants are not entitled to judicial immunity, *id.* at 3-8. However, the Marshal Defendants have not yet asserted either PREP Act immunity or judicial immunity, so any factual allegations regarding the Louisiana Constitution have no bearing on whether the plaintiffs are entitled to judgment against the Marshal Defendants as a matter of law on these issues.

The Marshal Defendants further object that this alleged fact is not "supported by a record citation" as required under Local Civil Rule 56(b)(1), (f).

20.    Denied.  The Marshal Defendants object that the plaintiffs improperly assert a conclusion of law—i.e., whether the Marshal Defendants "violated *Article 5 of the Louisiana constitution*"—as an alleged statement of fact, and this alleged fact should therefore be stricken. *Cf. Harvey v. United States*, No. 15-819-JJB-EWD, 2017 WL 5347592, at *2 (M.D. La. Nov. 13, 2017) (stating that, when assertions in support of a motion for summary judgment "call for legal conclusions[,] . . . they are not facts for summary judgment purposes").  Regardless, the only non-conclusory assertions in the plaintiffs' motion are (1) that the Public Readiness and Emergency Preparedness (PREP) Act does not provide any defendant with immunity in this lawsuit, ECF No. 116-1, at 2-3, 10-11, and (2) that the defendants are not entitled to judicial immunity, *id.* at 3-8. However, the Marshal Defendants have not yet asserted either PREP Act immunity or judicial immunity, so any factual allegations regarding the Louisiana Constitution have no bearing on

whether the plaintiffs are entitled to judgment against the Marshal Defendants as a matter of law on these issues.

The Marshal Defendants further object that this alleged fact is not "supported by a record citation" as required under Local Civil Rule 56(b)(1), (f).

21.    Denied.  The Marshal Defendants object that the plaintiffs improperly assert a conclusion of law—i.e., whether the Marshal Defendants "violated *Article 8 of the Louisiana constitution*"—as an alleged statement of fact, and this alleged fact should therefore be stricken. *Cf. Harvey v. United States*, No. 15-819-JJB-EWD, 2017 WL 5347592, at *2 (M.D. La. Nov. 13, 2017) (stating that, when assertions in support of a motion for summary judgment "call for legal conclusions[,] . . . they are not facts for summary judgment purposes").  Regardless, the only non-conclusory assertions in the plaintiffs' motion are (1) that the Public Readiness and Emergency Preparedness (PREP) Act does not provide any defendant with immunity in this lawsuit, ECF No. 116-1, at 2-3, 10-11, and (2) that the defendants are not entitled to judicial immunity, *id.* at 3-8. However, the Marshal Defendants have not yet asserted either PREP Act immunity or judicial immunity, so any factual allegations regarding the Louisiana Constitution have no bearing on whether the plaintiffs are entitled to judgment against the Marshal Defendants as a matter of law on these issues.

The Marshal Defendants further object that this alleged fact is not "supported by a record citation" as required under Local Civil Rule 56(b)(1), (f).

22.    Denied.  The Marshal Defendants object that the plaintiffs improperly assert a conclusion of law—i.e., whether the Marshal Defendants "violated *Article 12 of the Louisiana constitution*"—as an alleged statement of fact, and this alleged fact should therefore be stricken. *Cf. Harvey v. United States*, No. 15-819-JJB-EWD, 2017 WL 5347592, at *2 (M.D. La. Nov. 13,

2017) (stating that, when assertions in support of a motion for summary judgment "call for legal conclusions[,] . . . they are not facts for summary judgment purposes"). Regardless, the only non-conclusory assertions in the plaintiffs' motion are (1) that the Public Readiness and Emergency Preparedness (PREP) Act does not provide any defendant with immunity in this lawsuit, ECF No. 116-1, at 2-3, 10-11, and (2) that the defendants are not entitled to judicial immunity, *id.* at 3-8. However, the Marshal Defendants have not yet asserted either PREP Act immunity or judicial immunity, so any factual allegations regarding the Louisiana Constitution have no bearing on whether the plaintiffs are entitled to judgment against the Marshal Defendants as a matter of law on these issues.

The Marshal Defendants further object that this alleged fact is not "supported by a record citation" as required under Local Civil Rule 56(b)(1), (f).

23.     Denied.  The Marshal Defendants object that the plaintiffs improperly assert a conclusion of law—i.e., whether the Marshal Defendants "violated *Article 19 of the Louisiana constitution*"—as an alleged statement of fact, and this alleged fact should therefore be stricken. *Cf. Harvey v. United States*, No. 15-819-JJB-EWD, 2017 WL 5347592, at *2 (M.D. La. Nov. 13, 2017) (stating that, when assertions in support of a motion for summary judgment "call for legal conclusions[,] . . . they are not facts for summary judgment purposes"). Regardless, the only non-conclusory assertions in the plaintiffs' motion are (1) that the Public Readiness and Emergency Preparedness (PREP) Act does not provide any defendant with immunity in this lawsuit, ECF No. 116-1, at 2-3, 10-11, and (2) that the defendants are not entitled to judicial immunity, *id.* at 3-8. However, the Marshal Defendants have not yet asserted either PREP Act immunity or judicial immunity, so any factual allegations regarding the Louisiana Constitution have no bearing on

whether the plaintiffs are entitled to judgment against the Marshal Defendants as a matter of law on these issues.

The Marshal Defendants further object that this alleged fact is not "supported by a record citation" as required under Local Civil Rule 56(b)(1), (f).

24.     Denied.  The Marshal Defendants object that the plaintiffs improperly assert a conclusion of law—i.e., whether the Marshal Defendants "violated Plaintiffs' *Article 22 of the Louisiana constitution*"—as an alleged statement of fact, and this alleged fact should therefore be stricken.  *Cf. Harvey v. United States*, No. 15-819-JJB-EWD, 2017 WL 5347592, at *2 (M.D. La. Nov. 13, 2017) (stating that, when assertions in support of a motion for summary judgment "call for legal conclusions[,] . . . they are not facts for summary judgment purposes").  Regardless, the only non-conclusory assertions in the plaintiffs' motion are (1) that the Public Readiness and Emergency Preparedness (PREP) Act does not provide any defendant with immunity in this lawsuit, ECF No. 116-1, at 2-3, 10-11, and (2) that the defendants are not entitled to judicial immunity, *id.* at 3-8.  However, the Marshal Defendants have not yet asserted either PREP Act immunity or judicial immunity, so any factual allegations regarding the Louisiana Constitution have no bearing on whether the plaintiffs are entitled to judgment against the Marshal Defendants as a matter of law on these issues.

The Marshal Defendants further object that this alleged fact is not "supported by a record citation" as required under Local Civil Rule 56(b)(1), (f).

25.     Denied.  The Marshal Defendants object that the plaintiffs improperly assert a conclusion of law—i.e., whether the Marshal Defendants "violated *Article 26 of the Louisiana constitution*"—as an alleged statement of fact, and this alleged fact should therefore be stricken. *Cf. Harvey v. United States*, No. 15-819-JJB-EWD, 2017 WL 5347592, at *2 (M.D. La. Nov. 13,

2017) (stating that, when assertions in support of a motion for summary judgment "call for legal conclusions[,] . . . they are not facts for summary judgment purposes").  Regardless, the only non-conclusory assertions in the plaintiffs' motion are (1) that the Public Readiness and Emergency Preparedness (PREP) Act does not provide any defendant with immunity in this lawsuit, ECF No. 116-1, at 2-3, 10-11, and (2) that the defendants are not entitled to judicial immunity, *id.* at 3-8. However, the Marshal Defendants have not yet asserted either PREP Act immunity or judicial immunity, so any factual allegations regarding the Louisiana Constitution have no bearing on whether the plaintiffs are entitled to judgment against the Marshal Defendants as a matter of law on these issues.

The Marshal Defendants further object that this alleged fact is not "supported by a record citation" as required under Local Civil Rule 56(b)(1), (f).

26.    Denied.  The Marshal Defendants object that the plaintiffs improperly assert a conclusion of law—i.e., whether the Marshal Defendants "violated LA RS 14:313"—as an alleged statement of fact, and this alleged fact should therefore be stricken.  *Cf. Harvey v. United States*, No. 15-819-JJB-EWD, 2017 WL 5347592, at *2 (M.D. La. Nov. 13, 2017) (stating that, when assertions in support of a motion for summary judgment "call for legal conclusions[,] . . . they are not facts for summary judgment purposes").  Regardless, the only non-conclusory assertions in the plaintiffs' motion are (1) that the Public Readiness and Emergency Preparedness (PREP) Act does not provide any defendant with immunity in this lawsuit, ECF No. 116-1, at 2-3, 10-11, and (2) that the defendants are not entitled to judicial immunity, *id.* at 3-8.  However, the Marshal Defendants have not yet asserted either PREP Act immunity or judicial immunity, so any factual allegations regarding La. R.S. 14:313 have no bearing on whether the plaintiffs are entitled to judgment against the Marshal Defendants as a matter of law on these issues.

The Marshal Defendants further object that this alleged fact is not "supported by a record citation" as required under Local Civil Rule 56(b)(1), (f).

27.     Denied.  The Marshal Defendants object that the plaintiffs improperly assert a conclusion of law—i.e., whether the Marshal Defendants "violated LA RS 14:134"—as an alleged statement of fact, and this alleged fact should therefore be stricken.  *Cf. Harvey v. United States*, No. 15-819-JJB-EWD, 2017 WL 5347592, at *2 (M.D. La. Nov. 13, 2017) (stating that, when assertions in support of a motion for summary judgment "call for legal conclusions[,] . . . they are not facts for summary judgment purposes").  Regardless, the only non-conclusory assertions in the plaintiffs' motion are (1) that the Public Readiness and Emergency Preparedness (PREP) Act does not provide any defendant with immunity in this lawsuit, ECF No. 116-1, at 2-3, 10-11, and (2) that the defendants are not entitled to judicial immunity, *id.* at 3-8.  However, the Marshal Defendants have not yet asserted either PREP Act immunity or judicial immunity, so any factual allegations regarding La. R.S. 14:134 have no bearing on whether the plaintiffs are entitled to judgment against the Marshal Defendants as a matter of law on these issues.

The Marshal Defendants further object that this alleged fact is not "supported by a record citation" as required under Local Civil Rule 56(b)(1), (f).

28.     Denied.  The Marshal Defendants object that the plaintiffs improperly assert a conclusion of law—i.e., whether the Marshal Defendants "violated 18 U.S.C. § 3333"—as an alleged statement of fact, and this alleged fact should therefore be stricken.  *Cf. Harvey v. United States*, No. 15-819-JJB-EWD, 2017 WL 5347592, at *2 (M.D. La. Nov. 13, 2017) (stating that, when assertions in support of a motion for summary judgment "call for legal conclusions[,] . . . they are not facts for summary judgment purposes").  Regardless, the only non-conclusory assertions in the plaintiffs' motion are (1) that the Public Readiness and Emergency

Preparedness (PREP) Act does not provide any defendant with immunity in this lawsuit, ECF No. 116-1, at 2-3, 10-11, and (2) that the defendants are not entitled to judicial immunity, *id.* at 3-8. However, the Marshal Defendants have not yet asserted either PREP Act immunity or judicial immunity, so any factual allegations regarding 18 U.S.C. § 3333 have no bearing on whether the plaintiffs are entitled to judgment against the Marshal Defendants as a matter of law on these issues.

The Marshal Defendants further object that this alleged fact is not "supported by a record citation" as required under Local Civil Rule 56(b)(1), (f).

29.    Denied.    The Marshal Defendants object that the plaintiffs improperly assert a conclusion of law—i.e., whether the Marshal Defendants "violated LA RS 14:134.3"—as an alleged statement of fact, and this alleged fact should therefore be stricken. *Cf. Harvey v. United States*, No. 15-819-JJB-EWD, 2017 WL 5347592, at *2 (M.D. La. Nov. 13, 2017) (stating that, when assertions in support of a motion for summary judgment "call for legal conclusions[,] . . . they are not facts for summary judgment purposes"). Regardless, the only non-conclusory assertions in the plaintiffs' motion are (1) that the Public Readiness and Emergency Preparedness (PREP) Act does not provide any defendant with immunity in this lawsuit, ECF No. 116-1, at 2-3, 10-11, and (2) that the defendants are not entitled to judicial immunity, *id.* at 3-8. However, the Marshal Defendants have not yet asserted either PREP Act immunity or judicial immunity, so any factual allegations regarding La. R.S. 14:134.3 have no bearing on whether the plaintiffs are entitled to judgment against the Marshal Defendants as a matter of law on these issues.

The Marshal Defendants further object that this alleged fact is not "supported by a record citation" as required under Local Civil Rule 56(b)(1), (f).

30.    Denied.  The Marshal Defendants object that the plaintiffs improperly assert a conclusion of law—i.e., whether the Marshal Defendants "violated LA RS 46:231.4"—as an alleged statement of fact, and this alleged fact should therefore be stricken.  *Cf. Harvey v. United States*, No. 15-819-JJB-EWD, 2017 WL 5347592, at *2 (M.D. La. Nov. 13, 2017) (stating that, when assertions in support of a motion for summary judgment "call for legal conclusions[,] . . . they are not facts for summary judgment purposes").  Regardless, the only non-conclusory assertions in the plaintiffs' motion are (1) that the Public Readiness and Emergency Preparedness (PREP) Act does not provide any defendant with immunity in this lawsuit, ECF No. 116-1, at 2-3, 10-11, and (2) that the defendants are not entitled to judicial immunity, *id.* at 3-8. However, the Marshal Defendants have not yet asserted either PREP Act immunity or judicial immunity, so any factual allegations regarding La. R.S. 46:231.4 have no bearing on whether the plaintiffs are entitled to judgment against the Marshal Defendants as a matter of law on these issues.

The Marshal Defendants further object that this alleged fact is not "supported by a record citation" as required under Local Civil Rule 56(b)(1), (f).

31.    Denied.  The Marshal Defendants object that the plaintiffs improperly assert a conclusion of law—i.e., whether the Marshal Defendants "violated the PREP Act"—as an alleged statement of fact, and this alleged fact should therefore be stricken.  *Cf. Harvey v. United States*, No. 15-819-JJB-EWD, 2017 WL 5347592, at *2 (M.D. La. Nov. 13, 2017) (stating that, when assertions in support of a motion for summary judgment "call for legal conclusions[,] . . . they are not facts for summary judgment purposes").  However, the Marshal Defendants have not yet asserted PREP Act immunity.  Nor does the PREP Act "create a federal cause of action or any rights, duties, or obligations."  *Elliot v. Care Inn of Edna LLC*, No. 3:20-CV-3185-S, 2021 WL

2688600, at *3 (N.D. Tex. June 30, 2021).  So any factual allegations regarding the PREP Act have no bearing on whether the plaintiffs are entitled to judgment against the Marshal Defendants as a matter of law on this issue.

The Marshal Defendants further object that this alleged fact is not "supported by a record citation" as required under Local Civil Rule 56(b)(1), (f).

Baton Rouge, Louisiana, this 31st day of January, 2024.

UNITED STATES OF AMERICA, by

RONALD C. GATHE, JR.
UNITED STATES ATTORNEY

/s/ Chase E. Zachary
Katherine K. Green, LBN 29886
Chase E. Zachary, LBN 37366
Assistant United States Attorneys
777 Florida Street, Suite 208
Baton Rouge, Louisiana  70801
Telephone: (225) 389-0443
Fax: (225) 389-0685
E-mail:  katherine.green@usdoj.gov
            chase.zachary@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on January 31, 2024, I served a copy of *The Marshal Defendants' Local Civil Rule 56(c) Opposing Statement of Material Facts* on the following individuals by U.S. mail:

| | | |
|---|---|---|
| Brandon A. Sibley | Howard G. Brown | Melanie Jerusalem |
| 17517 Cline Drive | 1003 W. Michigan Drive | 5130 Woodside Drive |
| Maurepas, LA  70449 | Hammond, LA 70401 | Baton Rouge, LA 70808 |

Baton Rouge, Louisiana, this 31st day of January, 2024.

/s/ Chase E. Zachary
Chase E. Zachary, LBN 37366
Assistant United States Attorney