UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BRANDON SIBLEY, ET AL.            CIVIL ACTION NO. 23-0024

VERSUS                            JUDGE S. MAURICE HICKS, JR.

SHELLY D. DICK, ET AL.            MAGISTRATE JUDGE WHITEHURST

## MEMORANDUM RULING

Before the Court is a Rule 12(b)(1) and 12(b)(6) Motion to Dismiss filed by the Marshal Defendants: the United States Marshals Service ("USMS"); United States Marshal Brown ("Marshal Brown"); Deputy United States Marshal Jeff Bowie ("Deputy Bowie"); Supervisory Deputy United States Marshal Michael Attaway ("Deputy Attaway"); Attorney General Merrick Garland; and Director Ronald L. Davis ("Director Davis") of the USMS.[1] See Record Document 60. Plaintiff Howard Brown ("Brown") opposed the Motion to Dismiss. See Record Documents 78 & 79. The Marshal Defendants filed a reply. See Record Document 80. For the reasons set forth below, the Marshal Defendants' Motion to Dismiss (Record Document 60) is **GRANTED**.[2]

## BACKGROUND

Acting *pro se*, Plaintiffs Brown, Brandon Sibley ("Sibley"), and Melanie Jerusalem ("Jerusalem") filed the instant lawsuit alleging a violation of constitutionally protected rights (Bivens action), violation of 42 U.S.C. § 1985 (conspiracy to violate constitutional rights), common law conspiracy, violation of 42 U.S.C. § 2000(a), and grossly negligent

---

[1] Marshal Brown, Deputy Bowie, and Deputy Attaway were sued in their official and individual capacities. Attorney General Merrick Garland and Director Davis were sued in their official capacity.

[2] Plaintiffs have also filed a Motion for Summary Judgment (Record Document 116) requesting the Court to enter an order granting judgment in their favor. All defendants opposed such motion and Plaintiffs replied. See Record Documents 118-122. As set forth *infra*, because all of Plaintiffs' claims have been dismissed, their Motion for Summary Judgment (Record Document 116) is **DENIED**.

infliction of emotional distress.  See Record Document 22 at 8.  Their complaint centers around three COVID-related orders issued by Chief Judge Dick in the Middle District of Louisiana.  See id. at 9.  Plaintiffs maintain that these orders – Administrative Order Nos. 2020-8, 2021-5, and 2022-3 – were unconstitutional on their face.  See id.  They seek a declaratory judgment that the Administrative Orders ("AOs") are unconstitutional, to enjoin the enforcement of the AOs, and damages for each alleged denial of entry to the Russell B. Long Federal Building and United States Courthouse ("the Courthouse").

Administrative Order No. 2020-8 (Pandemic Related Curtailed Operations) was issued on June 30, 2020 and provided in pertinent part:

> All employees and persons having business in the Russell B. Long Courthouse and Federal Building shall be required to wear masks when in any public space in the buildings, shall observe social distancing, and shall observe all posted signs and placards.

Record Document 22-1 at 3.  Administrative Order No. 2021-5 (Pandemic Related Curtailed Operations) was issued on July 22, 2021 and provided in pertinent part:

> All employees and persons having business in the Russell B. Long Federal Building and United States Courthouse and the United States Bankruptcy Court shall be required to wear masks when in any public space in the buildings, shall observe physical distancing, and shall observe all posted signs and placards, regardless of vaccination status.

Record Document 22-3 at 3.  Administrative Order No. 2022-3 (Revised Pandemic Masking Requirements) ("AO 2022-3) was issued on March 15, 2022 and provided in pertinent part:

> [P]ursuant to the authority granted to the Chief Judge presiding over a primary courthouse building and pursuant to the approval granted by the Facility Security Committee governing multi-tenant facilities, fully vaccinated individuals are no longer required to wear a mask within the Russell B. Long Federal Building and United States Courthouse and the U.S. Bankruptcy Court ("the Courthouses"). In order to unmask, individuals having business in the Courthouses must provide proof of vaccination upon entry. Acceptable forms of proof of vaccination include the Centers for Disease Control's (CDC's) COVID-19 Vaccination Record Card issued by

2

> the vaccine provider or, for attorneys and others permitted to enter the Courthouses with personal electronic devices, the SMART Health Card record that can be found in the LA Wallet application for mobile devices. If proof of vaccination is not provided upon entry, the individual must wear a mask at all times in the Courthouses. Individuals who are not fully vaccinated shall be required to wear masks. Anyone who fails or refuses to comply will be required to leave the Courthouses immediately. This Order does not prohibit individuals from electing to wear a mask, regardless of vaccination status.

Record Document 22-2 at 2-3. "Fully vaccinated" was "defined as two weeks after receiving the second dose of a two-dose vaccine (Pfizer or Moderna) or the single-does vaccine (Johnson & Johnson)." Id. at 2 n.1. All three AOs were signed by Chief Judge Dick. The orders were carried out by the USMS and/or Metropolitan Security Services, Inc., also known as Walden Security, acting pursuant to a contract with, and under the direction of, the USMS. See Record Document 22 at 18, 21, 26, & 32. On March 29, 2023, Chief Judge Dick issued Administrative Order No. 2023-2 ("AO 2023-2"). AO 2023-2 is entitled Rescission of Pandemic Masking Requirements and is available on the Middle District of Louisiana's website under rules and general orders. See United States District Court, Middle District of Louisiana, https://www.lamd.uscourts.gov/orders/public_orders/AO%202023-2.pdf (last visited March 11, 2025). AO 2023-2 rescinded AO 2022-3 and provided that "entrants to the Russell B. Long Federal Building and United States Courthouse and the U.S. Bankruptcy Court are no longer required to wear a mask, regardless of vaccination status." Id.[3]

---

[3] Federal Rule of Civil Procedure Rule 201(b) provides that "the court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Judicial notice of matters of public record includes materials like court orders. See Davis v. Bayless, 70 F.3d 367, 372 (5th Cir. 1995) (taking judicial notice of state court orders). Generally, the court does not look beyond the face of the pleadings in deciding a Rule 12(b)(6) motions. However, courts are permitted to consider materials subject to judicial notice. See Norris v. Hearst

At various times, Plaintiffs were denied entry to the Courthouse since they did not provide proof of vaccination and would not wear a mask. Plaintiffs allege the AOs at issue allowed for no exemptions, thus chilling and deterring their right for self-determination and access to the courts for grievances. See Record Document 22 at 20. The Marshal Defendants have now moved to dismiss all of Plaintiffs' claims. See Record Document 60. The Marshal Defendants submit that Plaintiffs' claims for declaratory and injunctive relief are moot since the AOs have been rescinded. See Record Document 60-1 at 6-10. Next, the Marshal Defendants argue that Plaintiffs have failed to assert cognizable claims against them under Bivens, Section 1985, or Section 2000(a). See id. at 11-15, 17-20. Finally, the Marshal Defendants maintain that this Court lacks jurisdiction over Plaintiffs' state law claims. See id. at 21-22. Plaintiff Brown opposed the Motion to Dismiss. See Record Documents 78 & 79.

## LAW AND ANALYSIS

**I.     Rule 12(b)(1) and 12(b)(6) Standards.**

"Under Federal Rule of Civil Procedure 12(b)(1), a claim is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." Turner v. Scott, No. 18-00998, 2019 WL 3771751, at *1 (M.D. La. Aug. 9, 2019) (quoting In re FEMA Trailer Formaldehyde Prods. Liability Litigation, 668 F. 3d 281, 286 (5th Cir. 2012)). Furthermore, "[a] motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6)." Id. (citing Benton v. United States, 960 F. 2d 19, 21 (5th Cir. 1992)). The party asserting jurisdiction has the burden of proof under Rule 12(b)(1). See Wells v. Dep't of

---

Trust, 500 F.3d 454, 461 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

Children and Family Servs., No. 23-354, 2024 WL 3319925, at *2 (M.D. La. Jan. 24, 2024).

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for failure to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). In deciding a Rule 12(b)(6) motion to dismiss, a court generally "may not go outside the pleadings." Colle v. Brazos Cnty., Tex., 981 F. 2d 237, 243 (5th Cir. 1993). Additionally, courts must accept all allegations in a complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). However, courts do not have to accept legal conclusions as facts. See id. Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standards to survive such a motion. See id. at 678-79, 1949-50. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id.

"Although a 'pro se complaint is to be construed liberally with all well-pleaded allegations taken as true,' a pro se plaintiff nevertheless must plead sufficient factual matter that supports her claim to relief in order to survive a Rule 12(b)(6) motion to dismiss." Craig v. Bolner, No. 15-00815, 2017 WL 4228757, at *1 (M.D. La. Sept. 22, 2017) (quoting Johnson v. Atkins, 999 F. 2d 99, 100 (5th Cir. 1993)). Furthermore, "[e]ven a liberally construed pro se civil rights complaint, however, must set forth facts giving rise to a claim on which relief may be granted." Id.

**II. Sovereign Immunity.**

An action against a federal official in his official capacity is actually a suit against the sovereign – the United States. See McCarthy ex rel. Travis v. Hawkins, 381 F.3d 407, 413-14 (5th Cir. 2004). Federal courts generally lack jurisdiction to entertain such claims

5

in accordance with principles of sovereign immunity. See McCarrell v. Davis, No. A-17-CV-668-LY-ML, 2017 WL 11221248, at *2 (W.D. Tex. July 31, 2017), report and recommendation adopted, No. 1:17-CV-668-LY, 2017 WL 11221249 (W.D. Tex. Aug. 25, 2017). The United States may not be sued without its consent. See United States v. Mitchell, 463 U.S. 206, 212, 103 S.Ct. 2961, 2965 (1983). The existence of consent is a prerequisite for jurisdiction. See id. "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." United States v. Mitchell, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351 (1980). "Thus, a party seeking to bring a claim against a federal official acting in his or her official capacity – and therefore, as a matter of law, against the United States—must identify a specific waiver of immunity in order to establish jurisdiction." McCarrell, 2017 WL 11221248, at *2.

### III.  Bivens

Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971), recognized an implied cause of action against federal employees for unreasonable searches and seizures in violation of the Fourth Amendment. See Butler v. S. Porter, 999 F.3d 287, 293 (5th Cir. 2021). The Supreme Court has extended Bivens in only two more cases: Davis v. Passman, 442 U.S. 228, 248-49, 99 S.Ct. 2264, 2278-2279 (1979) (gender discrimination in violation of the Fifth Amendment) and Carlson v. Green, 446 U.S. 14, 16–18, 100 S.Ct. 1468, 1470-1471 (1980) (failure to treat a prisoner's medical condition in violation of the Eighth Amendment). See id.

Courts confronting Bivens claims generally must first ask two questions: (1) do the claims fall into one of the three existing Bivens actions; and (2) if not, should a new Bivens action be recognized here? See Oliva v. Nivar, 973 F.3d 438, 441-42 (5th Cir. 2020).

6

"Today, Bivens claims generally are limited to the circumstances of the Supreme Court's trilogy of cases in this area: (1) manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment; (2) discrimination on the basis of sex by a congressman against a staff person in violation of the Fifth Amendment; and (3) failure to provide medical attention to an asthmatic prisoner in federal custody in violation of the Eighth Amendment." Id. at 442 (internal citations omitted). "Virtually everything else is a new context." Id. "New context" is interpreted as broad because "even a modest extension of the Bivens trilogy is still an extension." Id., citing Ziglar v. Abbasi, 582 U.S. 120, 147, 137 S.Ct. 1843, 1864 (2017). The Supreme Court "has made clear that expanding the Bivens remedy is now a disfavored judicial activity" and "it has consistently refused to extend Bivens to any new context or new category of defendants." Ziglar, 582 U.S. at 135, 137 S.Ct. at 1857, citing Correctional Services Corp. v. Malesko, 534 U.S. 61, 68, 122 S.Ct. 515, 520 (2001).

**IV.    Analysis.**

    **A.    Claims Against the USMS and All Official Capacity Claims.**

Plaintiffs have not alleged, and the Court is not aware, that the USMS has waived its right to sovereign immunity by means of statute or other method with regard to the Bivens claims. Thus, with regard to Plaintiffs' Bivens claims against the USMS, the Court finds the claims are barred by the doctrine of sovereign immunity, rendering such claims subject to dismissal for want of jurisdiction. See Sheid v. United States Marshal Serv., No. 08-CV-3295, 2009 WL 1750379, at *7 (S.D. Tex. June 17, 2009) (holding USMS protected by sovereign immunity), aff'd, 379 F. App'x 345 (5th Cir. 1999), cert denied, 562 U.S. 1223 (2011).

7

Moreover, even if the USMS is not protected by sovereign immunity, it is not subject to a <u>Bivens</u> action. Although a plaintiff may bring a <u>Bivens</u> action against federal officials in their individual capacities for alleged constitutional violations, a plaintiff may not bring a <u>Bivens</u> action against the United States or its agencies. See <u>Zuspann v. Brown</u>, 60 F.3d 1156, 1160–61 (5th Cir. 1995). Thus, because the USMS is a federal agency, Plaintiffs have failed to state a claim for which relief can be granted with regard to the USMS.

Plaintiffs have also sued Marshal Brown, Deputy Bowie, Deputy Attaway, Attorney General Merrick Garland, and Director Davis in their official capacities. Suits against government officers in their official capacities are considered suits against the government itself. See <u>Kentucky v. Graham</u>, 473 U.S. 159, 165–66 (1985). Any claims against these defendants in their official capacities is merely a claim against the USMS or the federal government. Accordingly, for the same reasons Plaintiffs' claims against the USMS are barred and subject to dismissal for want of jurisdiction, so are any claims against Marshal Brown, Deputy Bowie, Deputy Attaway, Attorney General Merrick Garland, and Director Davis in their official capacities.

B.   **Declaratory and Injunctive Relief.**

The Court will now address Plaintiffs' claims for declaratory and injunctive relief, namely that the AOs are unconstitutional and that this Court should enjoin the enforcement of such orders. As noted previously, AO 2023-2 rescinded the previous COVID-19 restrictions, specifically stating that "entrants to the Russell B. Long Federal Building and United States Courthouse and the U.S. Bankruptcy Court are no longer required to wear a mask, regardless of vaccination status." See United States District Court, Middle District of Louisiana, https://www.lamd.uscourts.gov/orders/public_

orders/AO%202023-2.pdf (last visited March 11, 2025).  Because the AOs at issue in this case have all been rescinded, there is no longer a concrete effect on Plaintiffs.  Resolution of Plaintiffs' disputes regarding the lawfulness of the AOs no longer presents a live case or controversy.

The Fifth Circuit recently discussed mootness in the context of challenges to statutes, orders, and ordinances, reasoning:

> Mootness is one of the doctrines that ensures federal courts are only deciding live cases or controversies. Campbell-Ewald Co. v. Gomez, —— U.S. ——, 136 S. Ct. 663, 669, 193 L.Ed.2d 571 (2016).  A matter is moot "when it is impossible for a court to grant any effectual relief whatever to the prevailing party." Knox v. Serv. Emps. Int'l Union, Local 1000, 567 U.S. 298, 307, 132 S.Ct. 2277, 183 L.Ed.2d 281 (2012) (quotations omitted).
> It makes sense, then, that a case challenging a statute, executive order, or local ordinance usually becomes moot if the challenged law has expired or been repealed. See, e.g., Veasey v. Abbott, 888 F.3d 792, 799 (5th Cir. 2018) ("Ordinarily, a[n] [action] challenging a statute would become moot by the legislature's enactment of a superseding law."). Once the law is off the books, there is nothing injuring the plaintiff and, consequently, nothing for the court to do. See N.Y. State Rifle & Pistol Ass'n, Inc. v. City of New York, —— U.S. ——, 140 S. Ct. 1525, 1526, 206 L.Ed.2d 798 (2020) (holding that a claim for injunctive relief against a law was moot when the law was amended to give "the precise relief that [the plaintiffs] requested"); Amawi v. Paxton, 956 F.3d 816, 819, 821 (5th Cir. 2020) (dismissing an appeal as moot because a statutory amendment "provided the plaintiffs the very relief their lawsuit sought").

Spell v. Edwards, 962 F.3d 175, 178-179 (5th Cir. 2020).  Notwithstanding, a defendant cannot moot a case simply by ending its alleged unlawful conduct once sued.  See Already, LLC v. Nike, Inc., 568 U.S. 85, 91, 133 S.Ct. 721, 727 (2013).  "Government officials in their sovereign capacity and in the exercise of their official duties are accorded a presumption of good faith because they are public servants, not self-interested private parties."  Yarls v. Bunton, 905 F.3d 905, 910-11 (5th Cir. 2018).  Absent evidence to the contrary, courts "assume that formally announced changes to official governmental policy are not mere litigation posturing."  Id. at 911.  Here, Plaintiffs have not presented any

contrary evidence. Moreover, the rescission of the pandemic masking requirements in this case resulted from a fundamental change in public health conditions, that is, the end of the Federal COVID-19 Public Health Emergency Declaration. See Record Document 51 at 9 n.2.

This case also does not fall within the "exceptional situation[]" covered by the "capable-of-repetition doctrine." Spencer v. Kemna, 523 U.S. 1, 17, 118 S.Ct. 978, 988 (1998). This exception applies when two circumstances are simultaneously present: (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again. See id. Focusing on circumstance number two, Plaintiffs cannot meet their burden to establish the capable-of-repetition doctrine exception applies. Plaintiffs' challenge of the AOs focused on the issuance of a mask mandate to combat the spread of a novel pandemic in its early stages. The impacts of the COVID-19 pandemic were felt worldwide and the majority of state and federal government agencies had masking mandates or other COVID-19 restrictions in place. There is no reasonable likelihood that Plaintiffs' fact-specific dispute will repeat itself, nor that another mask mandate will issue due to a serious public health danger arising from a communicable disease. See, e.g., Spell, 962 F.3d at 180 (holding that challenge to an expired COVID-19 stay-at-home order was not capable of repetition yet evading review because it was "speculative, at best" that a similar order raising the same issues would recur); County of Butler v. Governor of Pennsylvania, 8 F.4th 226, 230-231 (3rd Cir. 2021) (similar); Brach v. Newsom, 38 F.4th 6, 15 (9th Cir. 2022) (similar); Resurrection Sch. v. Hertel, 35 F.4th 524, 530 (6th Cir. 2022) (similar). The Fifth Circuit requires more than a

mere theoretical possibility that the challenged conduct will occur again. See Lopez v. City of Houston, 617 F.3d 336, 340 (5th Cir. 2010).

### C. Bivens' Individual Capacity Claims Against Marshal Brown, Deputy Bowie, and Deputy Attaway.

As discussed above, this Court's analysis of Plaintiffs' Bivens claims must first focus on whether such claims fall into one of the three existing Bivens actions. Here, Plaintiffs' allegations regarding masking and vaccinations mandates – imposed by the AOs at issue in this case – do not fall into the context of Bivens, Davis, and/or Carlson. The Court must now consider whether a new Bivens action should be recognized here. The Supreme Court disfavors extending Bivens to any new context or category of defendants. In deciding the new context issue, courts should focus on whether the case differs in a meaningful way from previous Bivens cases decided by the Supreme Court, not a three-judge court of appeals panel. See Canada v. United States, 950 F.3d 299, 308 (5th Cir. 2020). In Ziglar, the Supreme Court explained:

> Without endeavoring to create an exhaustive list of differences that are meaningful enough to make a given context a new one, some examples might prove instructive. A case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous Bivens cases did not consider.

Ziglar, 582 U.S. at 139-40, 137 S.Ct. at 1859-60.

The Court declines to recognize a new Bivens action in this case. This case involves a new categories of defendants – the Marshal Defendants, who are subject to a different statutory mandate than the narcotics officers in Bivens. The USMS's primary role and mission is "to provide for the security and to obey, execute, and enforce all orders

of the United States District Courts . . . ." 28 U.S.C. § 566(a). The USMS must "execute all lawful writs, process, and orders issued under the authority of the United States, and shall command all necessary assistance to execute its duties." 28 U.S.C. § 566(c). It is of importance that the alleged constitutional violations in this case are directly linked to the statutorily mandated enforcement and execution of administrative orders issued by the Chief Judge of the Middle District of Louisiana.

Other special factors also counsel against extending the Bivens remedy in this instance. There is an alternative form of relief in this matter, that is, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2674. See Oliva, 973 F.3d at 444 ("Although an alternative form of relief is not a necessary special factor, it may be a sufficient one. . . . And when alternative methods of relief are available, a Bivens remedy usually is not."). Additionally, the USMS has a rigorous administrative process to address employee misconduct. See 28 C.F.R. §§ 0.111(n) & 0.111(m); see also Egbert v. Boule, 596 U.S. 482, 497, 142 S. Ct. 1793, 1806 (2022) ("Congress has provided alternative remedies for aggrieved parties in Boule's position that independently foreclose a Bivens action here. In Hernández, we declined to authorize a Bivens remedy, in part, because the Executive Branch already had investigated alleged misconduct by the defendant Border Patrol agent."). The USMS is also subject to supervision by the Department of Justice's Office of Inspector General to address complaints of misconduct, such as civil rights violations. See generally U.S. Dep't of Justice, Office of the Inspector General, https://oig.justice.gov/ (last visited March 10, 2025). Therefore, Plaintiffs' purported Bivens claims will not be recognized and will be dismissed.

### D.    42 U.S.C. § 1985

Section 1985 "accords a cause of action to any person injured as a result of a conspiracy to interfere with the civil rights described in the Act:  Subsection 1 relates to a conspiracy to prevent a public official from performing his duty; Subsection 2 relates to a conspiracy to obstruct justice or to intimidate a party, a witness, or a juror; and Subsection 3 concerns the acts of two or more persons in conspiring to, or in going in disguise to, deprive any person of certain rights."  Holdiness v. Stroud, 808 F.2d 417, 424 (5th Cir. 1987).  Subsection 1 does not apply in this matter because Plaintiffs are not public officials.  Plaintiffs' claims as to subsections 2 and 3 are foreclosed by Mack v. Alexander, 575 F.2d 488 (5th Cir. 1978).  In Mack, the Fifth Circuit held that Section 1985, which provides a remedy for deprivation of rights under color of state law, does not apply when the defendants are acting under color of federal law.  See id. at 489, citing Walker v. Blackwell, 360 F.2d 66 (5th Cir. 1966).  Here, Plaintiffs' Section 1985 claims against the Marshal Defendants all relate to their actions as federal actors under color of federal law.  Thus, such claims are barred by Mack.  Therefore, Plaintiffs' Section 1985 claims are dismissed.

### E.    42 U.S.C. § 2000a

Plaintiffs allege that the Marshal Defendants are subject to liability under Section 2000a for repeatedly denying them service at the Courthouse.  Section 2000a prohibits discrimination or segregation in places of public accommodation.  The statute expressly lists places of public accommodation.  See 42 U.S.C. § 2000a(a)-(b). Courthouses are not listed in the statute.  See Poor & Minority Just. Ass'n v. Chief Judge, Tenth Jud. Cir. Ct. of Fla., No. 8:19-CV-2889-T-02TGW, 2020 WL 3286140, at *3 (M.D. Fla. Mar. 27, 2020), citing Muhammad v. Bethel-Muhammad, 2013 WL 5531397 at *5 (S.D. Ala. Oct.

13

7, 2012) ("Because the Dallas County Courthouse is not a 'place of public accommodation' under Section 2000a, the plaintiff has no claim under that provision."); Olague v. County of Sacramento, 2012 WL 3638320 at *6 (E.D. Cal. 2012) (same). In their opposition, Plaintiffs submit that the Courthouse's "small commissary/lunchroom" and/or vending machines invokes Section 2000a. Record Document 78 at 22-23. Their complaint may not be amended by their opposition brief. See Skinner v. Gautreaux, 549 F. Supp. 3d 493, 499 (M.D. La. 2021) ("[I]t is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss."). Notwithstanding, Plaintiffs have failed to point this Court to binding case law that the mere presence of a lunchroom and/or vending machines is enough to make a federal courthouse a place of public accommodation under Section 2000a. Thus, Plaintiffs' Section 2000a claims are dismissed.

    **F.**    **State Law Claims**

Plaintiffs have alleged conspiracy claims (common law and/or state law) and negligent infliction of emotional distress claims under Louisiana state law against the Marshal Defendants. The Marshal Defendants submit that such claims are barred by sovereign immunity and the Westfall Act.

The FTCA provides a limited waiver of sovereign immunity of the United States from tort suits. See 28 U.S.C. §§ 1346(b)(1), 2674; Pleasant v. U.S. ex rel. Overton Brooks Veterans Admin. Hosp., 764 F.3d 445, 448 (5th Cir. 2014). Pursuant to the FTCA, recovery in tort is permitted against the United States for damages arising out of the tortious conduct of a federal employee acting in the course and scope of her employment. See 28 U.S.C. §§ 1346(b)(1), 2679(b)(1). Moreover, "a suit against the United States under the FTCA is the exclusive remedy for tort claims arising from the actions of

14

government agencies or employees." Galvin v. OSHA, 860 F.2d 181, 183 (5th Cir. 1988) (citing 28 U.S.C. § 2679(a)). Under the Westfall Act, FTCA claims may be brought only against the United States "and not the responsible agency or employee . . . ." Id. at 183; see also Levin v. United States, 568 U.S. 503, 509, 133 S. Ct. 1224, 1229 (2013) (The Westfall Act "makes the remedy against the United States under the FTCA exclusive for torts committed by federal employees acting within the scope of their employment, 28 U.S.C. § 2679(b)(1).").

Plaintiffs have asserted common law/state law conspiracy claims and Louisiana state law negligent infliction of emotional distress claims against the Marshal Defendants. These claims can only be asserted against the United States, not individual defendants, under the FTCA. Yet, Plaintiffs have not brought their claims under the FTCA. Additionally, the FTCA requires that Plaintiffs submit their claims to the appropriate federal agency for administrative consideration. See 28 U.S.C. § 2675(a). Plaintiffs have not alleged any such exhaustion in this matter. Thus, their state law claims against the Marshal Defendants must be dismissed for lack of jurisdiction. See McAfee v. 5th Circuit Judges, 884 F.2d 221, 222-23 (5th Cir. 1989) (stating that exhaustion of administrative remedies under the FTCA is jurisdictional).

## CONCLUSION

For the reasons set forth above, the Motion to Dismiss (Record Document 60) filed by the Marshal Defendants is **GRANTED**. All of Plaintiffs' claims against the Marshal Defendants are **DISMISSED WITH PREJUDICE**.

Plaintiffs also filed a Motion for Summary Judgment (Record Document 116) requesting the Court to enter an order granting judgment in their favor. As set forth *supra* and in this Court's previous Memorandum Ruling and Order (Record Documents 123 &

124), all of Plaintiffs' claims have been dismissed. Thus, their Motion for Summary Judgment (Record Document 116) is **DENIED**.

A Judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 13th day of March, 2025.

                                                      _____
                                                        United States District Judge